COMMONWEALTH of Pennsylvania,
Appellee

v.

Tamosen STATEN, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 19, 2008.
Filed June 2, 2008.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, DONOHUE, and FITZGERALD *, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from an order that denied Appellant's petition to the Court of Common Pleas of Philadelphia

* Former Justice specially assigned to the Superior Court.

County for a *writ of certiorari.* Appellant contends the Court of Common Pleas erred in denying his *writ* and motion for discharge based on the Commonwealth's alleged violation of Pa.R.Crim.P. 1013, Prompt Trial—Municipal Court,[1] because his Municipal Court trial commenced eight days beyond the 180 day Mechanical Run Date. As the record reveals the eight day overrun occurred despite both the Commonwealth's due diligence in bringing Appellant to trial in compliance with to Rule 1013 and the court's rescheduling trial for the earliest possible date, we affirm.

¶ 2 The Honorable Joan A. Brown, distinguished judge of the Court of Common Pleas of Philadelphia County, aptly recites the pertinent procedural history of the case in her Pa.R.A.P.1925 opinion as follows:

> On September 23, 2005 [Appellant] was arrested and charged with knowing and intentional possession of a controlled substance and buying from persons not authorized to sell. The criminal complaint was filed the next day and the matter was listed for discovery purposes for November 15, 2005. At that time the Commonwealth passed discovery and the matter was scheduled for trial on February 2, 2006.
>
> That hearing did not go forward, however, because one of the three necessary police officers was unavailable, as he was in the process of serving warrants. Although the Quarter Sessions file is somewhat unclear, it appears that the Commonwealth was aware of the requirement to try Appellant in a timely fashion and, therefore, requested the next earliest court date which was not until March 30, 2006, approximately eight (8) days after the mechanical run date.
>
> At that [March 30, 2006] hearing Appellant's oral motion to dismiss pursuant to Rule 1013 was denied by the Honorable Teresa Carr Deni [of the Municipal Court] and as the Commonwealth was ready [to] proceed, the matter was disposed of by stipulated trial. Ultimately, Appellant was found guilty of possession of a controlled substance and he was sentenced to twelve (12) months reporting probation.
>
> Appellant filed a timely petition to the Court of Common Pleas of Philadelphia County seeking a writ of certiorari which requested a discharge based on the alleged violation of Rule 1013. On July 7, 2006, [Judge Brown] heard argument relative to Appellant's petition and subsequently denied relief.
>
> A timely Notice of Appeal and Statement of Matters Complained of on Appeal were filed. Appellant claims that [Judge Brown] erred in denying the writ of certiorari and that this matter should have been dismissed pursuant to Pa. R.Crim.P. 1013 in that Appellant was not brought to trial within the period of time required by statute and the Commonwealth failed to demonstrate that it exercised due diligence to timely bring Appellant to trial.

Opinion of Honorable Joan A. Brown, dated June 7, 2007, at 1–2.

---

1. Rule 1013 provides in pertinent part:
 (A)
 \* \* \*
 (2) Trial in a Municipal Court case shall commence no later than 180 days from the date on which the preliminary arraignment is held.

 \* \* \*
 (E) At any time before trial, the defendant or counsel may apply to the court orally or in writing for an order dismissing the charges with prejudice on the ground that this rule has been violated. . . .
 Pa.R.Crim.P. 1013(A)(2) and (E).

¶ 3 Appellant raises one issue for our review:

I. WHERE THE DEFENDANT WAS BROUGHT TO TRIAL AFTER THE EXPIRATION OF THE MECHANICAL RUN DATE UNDER Pa.R.Crim.P. 1013, AND WHERE THE COMMONWEALTH FAILED TO DEMONSTRATE WHY ANY TIME SHOULD BE EXCLUDED FROM THE PERIOD OF TIME IN WHICH THE DEFENDANT MUST BE BROUGHT TO TRIAL AS MANDATED BY Pa.R.Crim.P. 1013, AND WHERE THE COMMONWEALTH FAILED TO DEMONSTRATE THAT IT EXERCISED DUE DILIGENCE DESPITE ITS FAILURE TO TIMELY BRING THE DEFENDANT TO TRIAL (INCLUDING FAILURE TO REQUEST THE EARLIEST POSSIBLE DATE FOR TRIAL CONSISTENT WITH THE COURT CALENDAR), DID NOT THE LOWER COURT ERR IN FAILING TO DISMISS ALL CHARGES FOR VIOLATION OF Pa.R.Crim.P. 1013?

Brief for Appellant at 3.

■ ¶ 4 When confronted with any "speedy trial" claim, arising under either Rule 1013 or Pa.R.Crim.P. 600,

the proper scope of review is limited to the evidence on the record from the evidentiary hearing and the findings of the trial court. If the hearing court denied relief under Rule 1013, appellate courts must view the facts in the light most favorable to the Commonwealth as the prevailing party. In assessing a Rule 1013 issue, we are confined to determining whether the trial court committed an "abuse of discretion" in reaching its decision.

* * *

When considering the trial court's ruling, an appellate court may not ignore the dual purpose behind Rule 600 and Rule 1013. The Rules serve two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.

* * *

The Pennsylvania Supreme Court adopted our speedy trial rules as an administrative means of protecting the constitutional rights embodied in the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution. However, the Supreme Court's administrative mandate was neither designed nor intended to insulate a criminal accused from good faith prosecution. *In the absence of actual misconduct on the part of the Commonwealth specifically calculated to evade the fundamental speedy trial rights of an accused, the applicable speedy trial rule must be construed in a manner consistent with society's right to punish and deter crime....* Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Commonwealth v. Preston*, 904 A.2d 1, 9–10 (Pa.Super.2006) (en banc) (citations and quotation marks omitted) (emphasis added).

■ ¶ 5 The first step in reviewing a Rule 1013 claim is to determine whether the defendant's trial commenced before the mechanical run date. *Id.* at 11. As

noted *supra*, Rule 1013(A)(2) provides that trial must commence no later than 180 days from the date of the defendant's preliminary arraignment. While the Rule further provides means by which to adjust or even waive the mechanical run date, none applies to Appellant's case. As such, there is no dispute that Appellant's March 30, 2006 trial commenced eight days after the mechanical run date of March 22, 2006 in his case.

 ¶ 6 "Even where a violation of Rule [1310] has occurred, the motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and ... the circumstances occasioning the postponement were beyond the control of the Commonwealth." *Commonwealth v. Hill*, 558 Pa. 238, 263, 736 A.2d 578, 591 (1999). *See also Commonwealth v. Frye*, 909 A.2d 853, 858 (Pa.Super.2006) (discussing the legal construct of "excusable delay," which encompasses due diligence and delay-causing circumstances beyond Commonwealth's control). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis." *Id.* at 256, 736 A.2d at 588. "Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a *reasonable* effort has been put forth." *Id.* (emphasis added). "Reasonable effort" includes such actions as the Commonwealth listing the case for trial prior to the run date "to ensure that [defendant] was brought to trial within the time prescribed by Rule [1310]." *Id.* at 264, 736 A.2d at 592.

 ¶ 7 "This Court will find that the Commonwealth acted with due diligence if, prior to the expiration of the [mechanical] run date, the prosecutor indicates readiness to try the case and requests the earliest possible trial date consistent with the municipal court's business." *Preston, supra* at 13 (quoting *Commonwealth v. Jones*, 451 Pa.Super. 428, 679 A.2d 1297, 1299 (1996)). Here, the Commonwealth had completed discovery by November 15, 2005 and indicated it would be ready to proceed with trial on the scheduled date of February 2, 2006. On February 2, 2006, the Commonwealth stood ready but for the unavailability of a necessary witness, an arresting police officer who, beyond the control of the Commonwealth, had been assigned to serve warrants that day. According to the Municipal Court Transcript included in the certified record, Municipal Court Judge Teresa Carr Deni attributed a continuance to the Commonwealth and entered the notation "Must be tried in next listing. Oral 1013. Earliest possible date[,]" which court administration determined was March 30, 2006.[2]

¶ 8 It is apparent, therefore, that the Municipal Court was made aware of pending Rule 1013 concerns and thus rescheduled Appellant's case to the "earliest possible date" consistent with its business, which, in this instance, was not until eight weeks later. Moreover, the Commonwealth demonstrated its diligence throughout the pendency of this matter, having completed discovery and stated its readiness to proceed months in advance of the mechanical run date. The February 2, 2006 unavailability of the arresting police

2. Appellant offered no objection on February 2, 2006 when the Municipal Court rescheduled his trial to a date eight days beyond the mechanical run date. While his failure to object does not result in a waiver of his Rule 1013 rights, it did foreclose the possibility that the court could remedy its noncompli-ance with the rule, and therefore makes discharge of his case improper unless the record demonstrates he was deprived of his constitutional right to a speedy trial. *Preston, supra* at 13. Our review of the record shows Appellant was not deprived his right to a speedy trial.

officer, whom the Philadelphia Police Department had placed on a separate, specific work assignment for that date, was beyond the control of the Commonwealth and should not, accordingly, work to defeat a record otherwise exhibiting due diligence in bringing Appellant to a speedy trial. *See Commonwealth v. Hunt,* 858 A.2d 1234, 1243–44 (Pa.Super.2004) (holding due diligence met despite continuance attributed to commonwealth for unavailability of victim/witness away on vacation; unavailability was beyond the control of Commonwealth and thus constituted excusable delay).

¶ 9 Finally, we note that where, as here, the Commonwealth is prepared to go to trial before the mechanical [or adjusted, where applicable] run date and the court is able to reschedule trial to commence within thirty days after that run date, a defendant's constitutional rights to a speedy trial are not seriously implicated. *Preston, supra* at 15. For all the foregoing reasons, we conclude that the Court of Common Pleas did not commit an abuse of discretion in declining to dismiss the charges or to grant a writ of *certiorari* on Rule 1013 grounds.

¶ 10 Order affirmed.

¶ 11 FITZGERALD, J., CONCURS IN THE RESULT.