J. A17038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :            PENNSYLVANIA
                v.                 :
                                                :
MIGUEL MALDONADO,                 :            No. 323 EDA 2018
                                                :
                Appellant         :


Appeal from the Judgment of Sentence, January 19, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0008023-2015


BEFORE: PANELLA, P.J., OLSON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 13, 2019**

Miguel Maldonado appeals from the January 19, 2018 aggregate judgment of sentence of 12 to 25 years' imprisonment, followed by 7 years' probation, imposed after a jury found him guilty of rape, aggravated indecent assault, simple assault, and endangering the welfare of children – parent or guardian.[1] After careful review, we affirm.

The lengthy factual history of this case was set forth by the trial court in its Pa.R.A.P. 1925(a) opinion and need not be reiterated here. (**See** trial court opinion, 7/19/18 at 2-8.) In sum, appellant was convicted of the aforementioned offenses following his violent rape and physical assault of his ex-girlfriend while in the presence of their infant son.

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3125(a)(1), 2701(a)(1), and 4304(a)(1), respectively.

Procedurally, a criminal complaint against [appellant] was filed on June 9, 2015. Police found and arrested [appellant] on June 25, 2015. The court then scheduled a preliminary hearing on July 7 (or 16), 2015, and on that date the Commonwealth was prepared to proceed but [appellant] was never brought down [from custody]. The court then scheduled and held an Indicting Grand Jury [("IGJ")] hearing (where the case was held for court) on August 7, 2015, an arraignment on August 28, 2015, a scheduling conference on September 11, 2015, and a 60-day IGJ discovery status hearing on April 12, 2016. On all of those dates, Commonwealth was prepared to proceed.

The court then scheduled and held a pre-trial conference on June 20, 2016. A trial was scheduled for June 22, 2016 and the Commonwealth was prepared to proceed on that date, but defense requested a six-day continuance (conceded as excludable time, which changed the adjusted run date to June 15, 2016). At a status hearing six days later on June 28, 2016, [appellant] rejected a plea offer and so the court scheduled a trial status hearing for January 11, 2017. At the status hearing upon joint request for a continuance, the court scheduled a scheduling conference for January 19, 2017. On January 19, 2017, upon joint request for a continuance, the court scheduled a [Pa.R.Crim.P.] 600 motion hearing for September 11, 2017 and a trial date for September 12, 2017. On September 11, [2017,] the Court denied [appellant's Rule] 600 motion (but granted his motion to preclude late discovery) and after a jury trial, [appellant] was found guilty of [the aforementioned offenses] on September 1[5], 2017.

*Id.* at 8-9.

As noted, appellant was sentenced to an aggregate term of 12 to 25 years' imprisonment, followed by 7 years' probation, on January 19, 2018. Appellant did not file any post-sentence motions. This timely appeal followed.[2]

Appellant raises the following issue for our review:

> Did not the trial court erroneously deny appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600(A), where appellant was tried well beyond the rundate [sic] and the Commonwealth did not establish due diligence, as it failed to provide discovery in a timely manner?

Appellant's brief at 3.

Pennsylvania Rule of Criminal Procedure 600 provides, in relevant part, that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The final day of that period is called the "mechanical run date." *Commonwealth v. Ramos*, 936 A.2d 1097, 1101 (Pa.Super. 2007) (*en banc*), *appeal denied*, 948 A.2d 803 (Pa. 2008). If the proceedings are delayed for reasons enumerated in Rule 600, then such periods may be excluded from the computation of time at the trial court's discretion, and the mechanical run date may be adjusted accordingly. *See* Pa.R.Crim.P. 600(C)(1)-(3). If trial takes place beyond 365 days (plus excludable time as set forth in Rule 600(C)), then the defendant is entitled to dismissal with prejudice. *See* Pa.R.Crim.P. 600(D)(1).

---

[2] The record reflects that appellant and the trial court have complied with Pa.R.A.P. 1925.

Our standard of review of a trial court's decision to deny a Rule 600 motion is well settled.

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

***Commonwealth v. Leaner***, 202 A.3d 749, 765-766 (Pa.Super. 2019) (citation omitted; brackets in original), ***appeal denied***, 2019 WL 2754197 (Pa. 2019).

> In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime.

***Ramos***, 936 A.2d at 1100 (citation and brackets omitted).

- 4 -

This court has recognized that the determination of whether Rule 600 requires dismissal of charges against a defendant requires consideration of the following three factors:

> First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

***Commonwealth v. Armstrong***, 74 A.3d 228, 236 (Pa.Super. 2013) (citations and internal quotation marks omitted; brackets in original), ***affirmed***, 107 A.3d 735 (Pa. 2014).

> Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a ***reasonable*** effort has been put forth. Reasonable effort includes such actions as the Commonwealth listing the case for trial prior to the run date to ensure that [defendant] was brought to trial within the time prescribed by Rule [600].

***Commonwealth v. Staten***, 950 A.2d 1006, 1010 (Pa.Super. 2008) (citations and internal quotation marks omitted). "This Court will find that the Commonwealth acted with due diligence if, prior to the expiration of the [mechanical] run date, the prosecutor indicates readiness to try the case and requests the earliest possible trial date[.]" ***Id.*** (citation omitted).

In ***Commonwealth v. Mills***, 162 A.3d 323 (Pa. 2017), our supreme court addressed when time is properly excluded for speedy trial purposes. The ***Mills*** court held that "time attributable to the normal progression of a case simply is not [an excludable period of] 'delay' for purposes of Rule 600." ***Id.*** at 325. The trial court must instead distinguish the "time necessary to ordinary trial preparation [from] judicial delay arising out of the court's own scheduling concerns." ***Id.*** ***Mills*** clearly stated that the time which passes in the "normal progression of a case" must be included in the Rule 600 computation unless the Commonwealth can show it exercised due diligence during the period or the record establishes that the judiciary or the defense was responsible for the delay. ***Id.***; Pa.R.Crim.P. 600(C).

Here, appellant contends that "[n]o time other than the 6-day defense request [for a continuance] was excludable" and the "Commonwealth's repeated failure to provide discovery constituted a lack of due diligence." (Appellant's brief at 8-9.) Consequently, appellant avers, the trial court abused its discretion in denying his motion to dismiss pursuant to Rule 600(A). (***Id.***) We disagree.

- 6 -

As recognized by the trial court, the complaint against appellant was filed on June 9, 2015, and thus, the mechanical run date was 365 days later – on June 9, 2016. Pa.R.Crim.P. 600(A)(2)(a). Because appellant's trial did not commence until September 12, 2017, the trial court was required to examine whether any periods of excludable time existed, so as to create an adjusted run date. *See* Pa.R.Crim.P. 600(C). The trial court properly found 22 excludable days, which resulted in an adjusted run date of July 1, 2016, based on the following:

> [Appellant] was in hiding at the time of the complaint and was not arrested until June 25, 2015, despite diligent attempts by the police to locate him. There was also a defense continuance from June 22, 2016 to June 28, 2016. The adjusted run date is therefore twenty-two days later than June 9, 2016, on July 1, 2016.

Trial court opinion, 7/19/18 at 12.

Thereafter, the trial court engaged in a due-diligence analysis pursuant to Rule 600(D), concluding that the Commonwealth "was duly diligent throughout the pendency of th[is] case" and was "prepared to proceed at each listing." (*Id.* at 11, 13.) The record supports a finding that the 438-day delay between July 1, 2016, the adjusted run date, and September 12, 2017, the first day of trial, were not attributable to the Commonwealth. Specifically, the trial court found that:

> although the trial did not occur until September 12, 2017, there was a significant amount of excusable time that sanctions this delay. There were no Commonwealth continuances at any time, and every

date set was due to court scheduling (which is not attributable to the Commonwealth). *See Mills*, 162 A.3d at 325. [Appellant] acknowledged during the hearing that in "this case admittedly, there were no trial continuances, at least where the Commonwealth represented on the record to my knowledge that the complainant was unavailable." The Commonwealth noted during the same hearing that "all of the time is excludable" and that "we were ready to go at every trial listing." Since the Commonwealth did not fail to exercise due diligence during this time, it should be omitted from the final Rule 600 computation.

There was an issue of whether the Commonwealth was truly ready for some of the court listings as [appellant] argued that they were still providing discovery two months before trial. The Commonwealth addressed this issue and argued that "discovery is a continuing and an ongoing process" and that it was the Commonwealth who had reached out to [appellant] to make sure that they had everything a month in advance of trial and provided additional information immediately upon request.[Footnote 1]

> [Footnote 1] Although the court denied [appellant's Rule] 600 motion, it did grant [his] request to preclude the Commonwealth's most recent batch of shared discovery (consisting of interviews and possible testimony from an additional Commonwealth witness) from the trial as it had been shared less than a month before trial.

*Id.* at 12-13 (citations to notes of testimony omitted).

Here, we can find no reason to disturb the trial court's finding that the Commonwealth acted with sufficient due diligence in bringing appellant to trial and, accordingly, discern no abuse of discretion on the part of the trial court in this regard. We specifically note that, with regard to the judicial delay in

this case, it is well settled that "judicial delay can support the grant of an extension of the Rule 600 run date." ***Commonwealth v. Trippett***, 932 A.2d 188, 197 (Pa.Super. 2007) (citations omitted). This is particularly true where, as here, there is no indication that the trial court did not schedule the criminal proceedings at the earliest possible date consistent with the trial court's business or that the Commonwealth contributed to the delay in any way. Based on the foregoing, we find that appellant's Rule 600 challenge merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/19