J-S27006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QASHIME WAGNER | : | |
| | : | |
| Appellant | : | No. 3019 EDA 2019 |

Appeal from the PCRA Order Entered May 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010755-2011

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.: Filed: November 12, 2020

Qashime Wagner, Appellant, appeals from the May 24, 2018 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] After careful review, we affirm.

The PCRA court set forth the following findings of fact:

> In CP-51-CR-0005678-2011 (originally MC-51-CR-0018162-2011), [Appellant] was arrested on April 27, 2011 for one count of Robbery and related offenses, and the complaint against him was filed the next day. Under Rule 600, [Appellant's] mechanical run date was April 27, 2012.

---

[*] Former Justice specially assigned to the Superior Court.

[1] This case is a companion case to **Commonwealth v. Wagner**, 3018 EDA 2019. That case, trial court docket number CP-51-CR-0005678-2011, was the first brought against Appellant. In the instant case, 3019 EDA 2019, trial docket number CP-51-CR-0010755-2011, the Commonwealth brought additional charges against Appellant to reflect that there were additional robbery victims. The briefs submitted by Appellant and the Commonwealth are identical for each case.

The Commonwealth arrested [Appellant] on two additional Robbery charges to reflect that there were three robbery victims. In CP-51-CR-0010755-2011 (originally MC-51-CR-0025417-2011 and MC-51-CR-0025419-2011), [Appellant] was arrested on June 12, 2011[,] and the complaint was filed on June 13, 2011. The mechanical run date for each matter was June 12, 2012. The cases were consolidated and proceeded to trial on the same date, May [29], 2013.

[Appellant's] co-conspirators, Terrance Cooper and Mario Mitchell, were also arrested for Robbery and related offenses on April 27, 2011. Cooper was arrested on two additional Robbery charges on June 13, 2011[,] to reflect the three robbery victims. Mitchell permitted the Commonwealth to amend the complaint for the additional counts.

* * *

In CP-51-CR-0010755-2011, the Commonwealth was not ready to proceed with the case at the first preliminary hearing listing on July 1, 2011, where they requested to link the case with co-defendant Mitchell's preliminary hearing date of July 26, 2011. On July 26, 2011, all three co-defendants were listed together for a second preliminary hearing date. The Municipal Court Judge ruled the case continued at the Commonwealth's request due to a witness arriving at 10:35 a.m. On September 16, 2011, the Municipal Court judge conducted the preliminary hearing and the charges were held for court. On October 7, 2011, [Appellant] was arraigned. The case was listed in the smart room to address pretrial matters on November 2, 2011. On November 2, [Appellant] rejected the Commonwealth's offer and this case was listed in Courtroom 602 for a scheduling conference on November 15, 2011, before Judge Lynn. The scheduling conference was held on that date and this case received a motion date of April 5, 2012 and a jury trial date of May 7, 2012.

All parties agree, and the docket demonstrates, that starting on February 7, 2012[,] the two cases have identical dates and entries. [Appellant's] CP-51-CR-0005678-2011 case was administratively relisted to the May 7, 2012 trial date.

At the motions date on April 5, 2012, neither the Commonwealth nor defense counsel for co-defendant Mitchell were ready. [Appellant's] counsel was permitted to withdraw and

trial counsel entered his appearance. The docket reflects that discovery was outstanding at that listing. Judge Glynnis Hill continued the cases to April 19, 2012[,] for discovery status, May 3, 2012[,] for trial status, and May 7, 2012[,] for trial. On April 19, 2012, the defense was unavailable, and the cases were continued to April 25th to obtain a new trial date. On April 25, 2012, the assigned Assistant District Attorney and counsel for co-defendant Mitchell both advised the court that they could not proceed on May 7, 2012[,] and [Appellant's] counsel had issues with discovery and a potential line-up motion. On April 30, 2012, the Commonwealth passed additional discovery and [Appellant] indicated there would be a motion for a possible line-up. [Appellant] and co-defendant Mitchell also changed their demand for a jury trial. The court scheduled a waiver trial for August 16, 2012.

Both parties conceded to this [c]ourt that the time beyond August 16, 2012[,] would not and should not be attributed to the Commonwealth for purposes of this [Rule] 600 motion. On the August 16, 2012 waiver trial listing, [Appellant] requested a jury trial to commence on October 24, 2012, and the time was ruled excludable. On October 18, 2012, [Appellant] moved to sever his trial. On October 24, 2012, the [c]ourt was on trial and a jury trial was scheduled to commence on May 13, 2013, and the time was ruled [excludable]. On May 13, 2013, the defense requested time for [Appellant's] family to discuss an offer with him. On May 14, 2013, the matter was continued as the [c]ourt was on trial. On May 15, 2013 the case was sent to another room and jury selection commenced before Judge Linda Carpenter; trial was scheduled to commence on May 28, 2013. On May 28, 2013, Judge Carpenter was on trial and this matter was continued. On May 29, 2013, the was case assigned to this [c]ourt to commence trial. On June 3, 2013, after a consolidated trial before this [c]ourt, a jury convicted [Appellant] of two counts of Robbery and Conspiracy to Commit Robbery.

Findings of Fact and Conclusions of Law, 5/24/18, at 1-4 (footnotes omitted).

We summarized the procedural history in a prior appeal as follows:

On August 1, 2013, the trial court sentenced Appellant to a concurrent term of six to fifteen years imprisonment on the robbery charges and a concurrent five to ten years' imprisonment for conspiracy. Appellant's aggregate sentence was six to fifteen

years' imprisonment. Appellant timely filed a direct appeal to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, challenging, *inter alia*, the trial court's failure to decide his Rule 600 motions. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's Rule 600 motions were without merit. On appeal, Appellant did not raise the Rule 600 issue. Indeed, he argued only that the trial court erred in failing to allow him to pick a new jury because the co-defendant Mitchell's guilty plea prejudiced the jury. We affirmed his judgment of sentence on October 6, 2014. Our Supreme Court denied Appellant's petition for allowance of appeal on March 18, 2015.

On February 25, 2016, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel, who, on December 29, 2016, filed an amended petition, claiming that Appellant's trial counsel was ineffective in not securing a decision on his Rule 600 motions. On April 20, 2017, following a Pa.R.Crim.P. 907 notice, the PCRA court denied Appellant relief for want of merit. Appellant timely appealed to this Court.

*Commonwealth v. Wagner*, 185 A.3d 1137, 1547 EDA 2017 (Pa. Super. filed February 22, 2018) (unpublished memorandum at 2-3).

On appeal, this Court vacated the PCRA court's order and remanded for a hearing to determine the merits of Appellant's Pa.R.Crim.P. 600 argument. *Wagner*, 1547 EDA 2017 (unpublished memorandum at 6). Following remand, the PCRA court held a hearing on May 11, 2018, and filed its Findings of Fact and Conclusions of Law on May 24, 2018, once again dismissing Appellant's PCRA petition. Appellant filed an appeal from the PCRA court's order, and the appeal was quashed by this Court on March 7, 2019. *Commonwealth v. Wagner*, 215 A.3d 626, 1796 EDA 2018 (Pa. Super. filed

March 7, 2019).  Appellant's appellate rights were reinstated *nunc pro tunc*

*via* an October 3, 2019 order.  The instant appeal followed.

Appellant presents the following question for our review:

Whether the [c]ourt erred when it dismissed Appellant's Petition under the Post Conviction Relief Act where trial counsel was ineffective for failing to procure a ruling on the Motion to Dismiss where there had been a violation of the Appellant's right to a speedy trial under Rule 600.[2]

Appellant's Brief at 6.  In support of his argument, Appellant does not

challenge the majority of the court's designations of time excusable or

excludable, but specifically argues that the PCRA court erred when it found

---

[2] The relevant portions of the version of Pa.R.Crim.P. 600 in effect when Appellant filed his Rule 600(G) motion are set forth below:

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated.  A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant….

Pa.R.Crim.P. 600.

that the 133 days between April 5, 2012, and August 16, 2012, were excusable time. Appellant's Brief at 8. Appellant avers that the PCRA court erred because "the Commonwealth was not duly diligent because by a couple of weeks before the trial date it had not passed the complete discovery and had sought and was granted continuances because of it." *Id*. at 13. Appellant further argues that his trial counsel was ineffective because although counsel filed a motion to dismiss due to a violation of Rule 600, counsel failed to procure a ruling on the same. *Id*. at 14. Appellant posits that the claim has arguable merit and "since no reasonable attorney would fail to request such a ruling before proceeding to trial, the Appellant meets the first two prongs of the test for ineffective assistance of counsel." *Id*. Appellant then contends that the prejudice he suffered was "obvious" because Appellant was convicted and is now serving a term of incarceration. *Id*.

Our scope and standard of review from the denial of a PCRA petition are well established:

> When reviewing the propriety of the denial of a PCRA petition, we apply the following standard and scope of review: "[A]n appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court viewed in the light most favorable to the prevailing party." **Commonwealth v. Fitzgerald**, 979 A.2d 908, 910 (Pa. Super. 2009) (quoting **Commonwealth v. Hammond**, 953 A.2d 544, 556 (Pa. Super. 2008) (citation omitted)). "Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*."

> ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa.
> Super. 2015) (citations omitted).

***Commonwealth v. Sarvey***, 199 A.3d 436, 445-446 (Pa. Super. 2018).  In the instant case, because Appellant is seeking collateral review and attempting to demonstrate his counsel was ineffective for failing to procure a ruling on his Pa.R.Crim.P 600 motion, Appellant bears "both the burden of demonstrating there was arguable merit to his motion, and he was prejudiced by the failure of trial counsel to pursue the motion."  ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019) (finding that ordinarily in Rule 600 context the Commonwealth bears the burden of establishing due diligence; however, upon collateral review, Appellant bears the burden of showing merit and prejudice).

When reviewing a claim of ineffective assistance of counsel, it is well settled that:

> [c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.  In Pennsylvania, we have refined the ***Strickland [v. Washington***, 466 U.S. 668, (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.  ***See [Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987)].  If a petitioner fails to prove any of these prongs, his claim fails.  Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered

- 7 -

a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

**Sarvey,** 199 A.3d at 452 (quoting **Commonwealth v. Charleston**, 94 A.3d 1012, 1019 (Pa. Super. 2014)).

As the PCRA court set forth in its findings of fact, there is a three-step process to determine whether Rule 600 has been violated:

The first step is determining the mechanical run date. [**Commonwealth v. Ramos**, 936 A.3d 1097, 1103 (Pa. Super. 2007)(*en banc*)]. The second step is determining the amount of excludable delay (which includes any delay attributable to defendant or his counsel) and excusable delay (which includes any delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence). Pa.R.Crim.P. 600(c)(3)(a); **Commonwealth v. Matis**, 710 A.2d 12, 16 (Pa. 1998); **Commonwealth v. Dixon**, 907 A.2d 468, 474 (Pa. 2006) (any delay attributable to defendant's requests or conduct is excludable from 365-day period in which trial must commence); **Commonwealth v. Booze**, 953 A.2d 1263 (Pa. Super. 2008). The third step is adding excludable/excusable time to the mechanical run date to arrive at an adjusted run date. **Ramos**, 936 A.2d at 1103. A Rule 600 violation occurs if trial does not begin before the adjusted run date. **Id**.

Findings of Fact and Conclusions of Law, 5/24/18, at 5. The court further noted that "while due diligence does not require punctilious care, it does require some reasonable effort by the Commonwealth, which has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence." **Id**. (citing **Commonwealth v. Sloan**, 67 A.3d 1249, 1252-1253 (Pa. Super. 2013)). Finally, we note, "So long as there has been no

misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." ***Commonwealth v. Brown***, 875 A.2d 1128, 1133 (Pa. Super. 2005).

When addressing the 133-day period from April 5, 2012, through August 12, 2012, the PCRA court found that the Commonwealth acted with due diligence, and the time was excusable. Findings of Fact, 5/24/18, at 8. The PCRA court concluded

> [T]he Commonwealth acted with due diligence in scheduling and asking to continue the May 7, 2012 trial date. The Commonwealth had asked for the earliest possible date and received it. "This Court will find that the Commonwealth acted with due diligence if, prior to the expiration of the [mechanical] run date, the prosecutor indicates readiness to try the case and requests the earliest possible trial date consistent with the municipal court's business." *Commonwealth v. Staten*, 950 A.2d 1006 (Pa. Super. 2008) (quoting *Commonwealth v. Jones*, 679 A.2d 1297, 1299 (Pa. Super. 1996)). Based on the dockets and the evidence provided at the original hearing for the 600 motion the case was administratively relisted from that earliest possible date of April 5, 2012[,] to May 7, 2012, without notice to the Commonwealth.
>
> Moreover, this [c]ourt finds that since [Appellant] requested a waiver trial date on April 30, 2012, the Commonwealth's readiness as to the May 7, 2012 jury trial date is moot. Effectively, [Appellant] was also not prepared to go forward on May 7, 2012[,] since he wished to waive his right to a jury. [Appellant's] change in his request from jury to bench trial necessitated a change in the court date. Further, since counsel for co-defendant Mitchell was also unavailable for the trial date of May 7, 2012, the Commonwealth was permitted to continue [Appellant's] case in an effort to keep the case properly joined for trial. Lastly, the assigned Assistant District Attorney promptly notified the [c]ourt of the conflict in scheduling well in advance of the trial listing.

There is also no evidence that the Commonwealth lacked due diligence in providing discovery to trial counsel in preparation for the May 7, 2012 trial date. PCRA counsel argues that due to a docket entry on April 5, 2012[,] reflecting outstanding discovery, this [c]ourt can infer a lack of diligence. However, there is no evidence in the record to make that determination. There are no docket entries prior to April 5, 2012[,] reflecting incomplete discovery. Trial counsel did not testify at the evidentiary hearing or offer argument at the time of 600(g) that he was not timely provided with discovery. [Appellant] filed no discovery motions. This [c]ourt also notes that trial counsel changed on April 5, 2012, the same date discovery was listed as outstanding. Given that trial counsel appears to have requested discovery the same day he was permitted to enter and that there is no assessment of what was provided to him from prior counsel, this [c]ourt simply cannot attribute the outstanding discovery to a lack of due diligence by the Commonwealth.

Therefore, the [c]ourt finds that the 133 days from the April 5, 2012 motions date to the August 16, 2012 waiver trial date, encompassing the April 9, 2012[,] and May 7, 2012 trial dates, to be excusable time and that the Commonwealth acted with due diligence. This makes the adjusted run date on CP-51-CR-0005678-2011[] August 21, 2013[,] and the adjusted run date on CP-51-CR-0010755-2011 August 20, 2013. As both cases went to trial in May of 2013, there was no violation of Rule 600.

Findings of Fact and Conclusions of Law, 5/24/18, at 7-8 (footnotes omitted).

After careful review of the record, we discern no error in the PCRA court's determination that the 133 days was excusable time. Indeed, as discussed above, Appellant changed counsel on April 5, 2012, and on April 30, 2012, Appellant requested a waiver trial date. The change from jury trial to bench trial required a change in dates, and "[e]ffectively [Appellant] was also not prepared to go to forward on May 7, 2012[,] since he wished to waive his right to a jury." Findings of Fact and Conclusions of Law, 5/24/18, at 7. Moreover, Appellant's co-defendant was not prepared to go forward on May 7,

2012. The Commonwealth was not required to sever the trial for that reason. *See Commonwealth v. Kearse*, 890 A.2d 388, 394-395 (Pa. Super. 2005) (finding that the Commonwealth is not required to sever a case from a co-defendant's case when faced with a possible Rule 600 violation); *see also Commonwealth v. Jackson*, 765 A.2d 389, 395 (Pa. Super. 2000) (finding that co-defendant's request for new counsel, which required a postponement of trial was beyond the Commonwealth's control). We also observe that this was a procedurally complex case, involving three co-defendants and at least two separate dockets.[3]

Further, as the PCRA court noted, there is no evidence in the record allowing the court to find that the Commonwealth failed to act with due diligence regarding the passing of discovery. Findings of Fact and Conclusions of Law, 5/24/18, at 8. Appellant presented no discovery motions. The court indicated that Appellant's new counsel raised the issue of missing discovery the same day he entered his appearance as counsel and provided no assessment of what discovery was given to prior counsel. *Id*. *See Commonwealth v. Edwards*, 595 A.2d 52, 53-54 (Pa. 1991) (finding that

_____

[3] During the hearing on remand, counsel for the Commonwealth testified that any delays were caused by

> the complexities of the case, by the fact that there were co-defendants, busy court schedules. I don't think there is anything in the record to show that the Commonwealth wasn't duly diligent. The Commonwealth never came to a trial date and said, This is a trial date and we are not ready.

N.T. (Hearing), 5/11/18, at 31.

- 11 -

Commonwealth failed to exercise due diligence under Pa.R.Crim.P. 1100, the predecessor to Rule 600, where Appellant showed that the Commonwealth failed to provide specific requested discovery (a police report and the appellant's statement) prior to trial, despite the fact that testimony established that the Commonwealth was in possession of the documents at least two weeks to prior to the trial date). Moreover, it appears that the Commonwealth had passed all discovery by April 30, 2012, as reflected by the docket entry on that day, and there are no entries on the docket regarding missing or incomplete discovery thereafter.

Appellant has failed to show that his underlying claim relating to his Pa.R.Crim.P. 600 motion is of arguable merit; thus, Appellant has failed to satisfy the first prong in the ineffectiveness test. *Sarvey*, 199 A.3d at 452. Trial counsel will not be found ineffective for failing to litigate a claim that would not succeed. *Commonwealth v. Holloway*, 739 A.2d 1039, 1044 (Pa. 1999). Given the above, the PCRA court did not err when it dismissed Appellant's PCRA petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/20