J-A19021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AARON HOLBROOK | : | No. 2166 EDA 2019 |

Appeal from the Order Entered July 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001429-2018

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:              Filed: November 25, 2020

The Commonwealth appeals from the order dismissing the charges against Aaron Holbrook pursuant to Rule 600 of the Rules of Criminal Procedure, the prompt trial rule. **_See generally_** Pa.R.Crim.P. 600. The Commonwealth argues the trial court erred in finding it did not exercise due diligence in bringing Holbrook to trial within the required time. We affirm.

On October 9, 2017, the police filed a criminal complaint against Holbrook, charging him with various offenses, including multiple violations of the Uniform Firearms Act.[1] The trial court continued Holbrook's preliminary hearing once at the joint request of the parties in October 2017, and twice at the Commonwealth's request, in November 2017 and January 2018. Following a preliminary hearing in February 2018, and formal arraignment in March

---

[1] **_See_** 18 Pa.C.S.A. §§ 6105, 6106, and 6108.

2018, Holbrook filed a motion to quash, and twice requested continuances of the hearing on the motion. The court denied the motion after a hearing in May 2018. At a scheduling conference later that month, it set a pre-trial motions hearing for September 13, 2018, and scheduled trial for October 29, 2018.

Holbrook thereafter filed a motion to suppress[2] and a motion for release on nominal bail. *See* Pa.R.Crim.P. 600(D) (providing for release on nominal bail when defendant is held in pretrial incarceration more than 180 days after filing of complaint). The court granted the motion for release. It then held the pre-trial motions hearing according to schedule and denied Holbrook's motion to suppress. However, on the first scheduled trial date, October 29, 2018, Holbrook sought and obtained a continuance of the trial. He did the same at the next scheduled trial date, January 7, 2019, and the court continued the trial to April 22, 2019.

On that day, the Commonwealth orally asked the court to continue trial because a necessary witness, a police officer, would be in mandatory training for the remainder of the week. The court granted the continuance. *See* N.T, 4/22/19, at 3; *see also* Docket Entry No. 75, 4/22/19. The court crier proposed rescheduling trial for July 8, 2019, but the trial judge responded, "I'm sorry, that's not a good date for me." N.T, 4/22/19, at 3. The crier then suggested July 22, 2019. The Commonwealth responded, "That's a good date

---

[2] He filed the motion on June 7, 2018.

for the Commonwealth," and the court rescheduled trial for that date. *Id.* at 4. The Commonwealth did not mention any potential Rule 600 issue.

On June 20, 2019, Holbrook filed a motion to dismiss under Rule 600(A). At a hearing, the parties agreed that prior to the Commonwealth's April 22, 2019 continuance request, the adjusted run date was June 9, 2019, and that the only dispute was whether the Commonwealth's April 22 request had further extended the run date. *See* Trial Court Opinion, filed 9/26/19, at 3 (citing N.T., 7/17/19, at 16); *see also* N.T., 7/17/19, at 6. The officer testified at the hearing that he had participated in mandatory firearms and plainclothes training on April 23 through April 26, 2019. N.T., 7/17/19, at 12-14. The officer could not recall when he had been scheduled for this training, but the prosecutor asserted that he had first informed her of his training on April 22. *Id.* at 12, 16, 18.

Holbrook argued the Commonwealth had not acted with due diligence in continuing trial past the Rule 600 run date. He pointed out that the Commonwealth had not alerted the Court to the Rule 600 issue when requesting the continuance, had not asked for an earlier trial date, and had not asked to begin the trial on April 22, when the officer was in court and could give testimony. *See id.* at 6-8; 21-22.

The Commonwealth responded that the court should rule the delay excusable, because the officer was a necessary witness and the training had been mandatory. *See id.* at 16, 18. The Commonwealth further argued that when it requested the continuance, it "believed that it had been given the

- 3 -

earliest possible date . . . subject to the trial court's calendar[.]" Trial Ct. Op. at 4 (citing N.T., 7/17/19, at 17-19). Regarding whether the court had rescheduled trial for the earliest possible date, the prosecutor pointed out that "the docket doesn't indicate otherwise[.]" N.T., 7/17/19, at 16.

The court granted the motion and dismissed the charges. The trial court explained that "[a]lthough the officer's unavailability was beyond the Commonwealth's control, once it became apparent that the trial was unlikely to commence in a timely manner, the Commonwealth was still required to be diligent in its efforts to ensure that [Holbrook] had a speedy trial within the confines of Rule 600(A)." Trial Ct. Op. at 4-5. The court stated that Commonwealth therefore had an obligation "to inquire whether the court could accommodate an earlier trial date, prior to the adjusted run date," rather than "merely accep[t]" the new date. *Id.* at 5, 7. The court stated that had the Commonwealth kept track of the Rule 600 date and raised the issue, the court could have inquired whether another courtroom was available on an earlier date. *Id.* at 5-6. The court pointed out the Commonwealth itself could have sought an earlier date in a different courtroom. *Id.* at 7-8. The court concluded that "the Commonwealth failed to present a scintilla of evidence that it put forth any effort to comply with Rule 600 or exhibited any sense of urgency to try this case[.]" *Id.* at 8.

The Commonwealth appealed and presents the following issue: "Did the trial court err in dismissing the charges against [Holbrook] under Rule 600,

where the time limit was not violated and the Commonwealth was duly diligent in any event?" Commonwealth's Br. at 5.

"In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." **Commonwealth v. Carter**, 204 A.3d 945, 947 (Pa.Super. 2019) (quoting **Commonwealth v. Bethea**, 185 A.3d 364, 370 (Pa.Super. 2018), *appeal denied*, 219 A.3d 597 (Pa. 2019)). We have described abuse of discretion as follows:

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Id.* (quoting **Bethea**, 185 A.3d at 370). Our scope of review is limited to the evidence of record from the Rule 600 hearing, which we view in the light most favorable to the prevailing party, and the trial court's findings. **Bethea**, 185 A.3d at 370.

Rule 600 provides that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). If trial does not begin before that deadline, the defendant may move to dismiss the charges. Pa.R.Crim.P. 600(D)(1). Deciding a Rule 600 motion entails the following analysis. First, the court must determine the "mechanical run date" – that is, 365 days from the date of the filing of the complaint. **Bethea**, 185 A.3d at 371. Second, the court must determine whether any periods of delay are excludable. *Id.* Excludable time for this purpose includes several possible

periods of time: (1) the time between the filing of the written complaint and the defendant's arrest, if the defendant could not be apprehended because his whereabouts was unknown and could not be determined by due diligence; (2) any time for which the defendant expressly waives Rule 600; (3) delay resulting from the unavailability of the defendant or the defendant's attorney, and (4) any continuance at the request of the defendant or the defendant's attorney. *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa.Super. 2004). We "add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." *Bethea*, 185 A.3d at 371 (quoting *Commonwealth v. Wendel*, 165 A.3d 952, 956 (Pa.Super. 2017)) ( emphasis omitted).

If the trial date was after the adjusted run date, we then must determine whether the additional delay was excusable. Excusable delay for purposes of Rule 600 is any delay that was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. *Hunt*, 858 A.2d at 1241-42. If the Commonwealth does not bring the defendant to trial within the time required under Rule 600(A)(2)(a), the trial court must dismiss the charges. *Bethea*, 185 A.3d at 371.

The Commonwealth first contends the court erred in dismissing the charges because, it claims, Holbrook did not file a written Rule 600(A) motion. As the Commonwealth did not raise this issue before the trial court, or include it in its Pa.R.A.P. 1925(b) statement, it is waived. *See* Pa.R.A.P. 302(a), 1925(b)(4)(vii). The Commonwealth further committed waiver by not

- 6 -

including the issue in its statement of questions involved. **See** Pa.R.A.P. 2116(a). In any event, a written motion to dismiss appears on the trial court's docket and is in the certified record. **See** Docket Entry, 6/20/19; Mot. for Dismissal, 6/20/19.

The Commonwealth next argues the court erred in calculating the adjusted run date because it did not exclude the period between Holbrook's filing of a motion to suppress on June 7, 2018, and the court's denial of that motion on September 13, 2018. The Commonwealth argues it diligently responded to the motion and litigated it at the first listing.

The Commonwealth has waived this argument as well, by failing to raise it during the proceedings below or in its Rule 1925(b) statement. **See** Pa.R.A.P. 302(a), 1925(b)(4)(vii). In fact, as the trial court points out in its Rule 1925(a) opinion, the Commonwealth asserted at the hearing on the motion to dismiss that the only period in contest was the delay caused by its final continuance request. **See** Trial Ct. Op. at 3; N.T., 7/17/19, at 16. The parties agreed that the court had rescheduled trial for a date exceeding the previous adjusted run date. **See** Trial Ct. Op. at 3; N.T., 7/17/19, at 6, 16.

Moreover, Holbrook's filing of a motion to suppress did not cause any delay here. By the time he filed the motion, the court had already set dates both for a pre-trial motions hearing and trial itself, and the court ruled on Holbrook's motion to suppress according to that schedule. **See** ***Commonwealth v. Hill***, 736 A.2d 578, 587 (Pa. 1999) (holding delay caused

- 7 -

by the filing of pretrial motion is only attributable to defense if it postponed start of trial).

The Commonwealth's final argument is that the court erred in failing to excuse the delay caused by the Commonwealth's last continuance, on April 22, 2019, due to the officer's training, because the delay was beyond the Commonwealth's control. **See** Commonwealth's Br. at 19-20. The Commonwealth argues it presented evidence that the officer had plainclothes training from April 23 to April 30, 2019, and that due to a recent rash of thefts, the training was both mandatory and necessary. **Id.** at 20-21.

The Commonwealth further claims the court abused its discretion by holding it was not diligent for seeking a docket notation stating the delay caused by the officer training was excusable. **Id.** at 23. The Commonwealth also argues the court abused its discretion in finding it did not act with due diligence by failing to seek an earlier trial date in a different courtroom. **Id.** In addition, the Commonwealth asserts that the court had no basis to conclude it was unaware of the impending Rule 600 deadline when it requested the continuance, as "the issue never came up at the time of the continuance." **Id.** at 24.

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa. 2010). "[T]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on

time," **Commonwealth v. Colon**, 87 A.3d 352, 359 (Pa.Super. 2014) (quoting **Commonwealth v. Ramos**, 936 A.2d 1097, 1102 (Pa.Super. 2007)), and it bears the burden of proving by a preponderance of the evidence that it exercised due diligence. **Commonwealth v. Plowden**, 157 A.3d 933, 941 (Pa.Super. 2017).

Due diligence in the Rule 600 context requires the Commonwealth, among other things, to seek to list a case for trial before the Rule 600 deadline. **See Ramos**, 936 A.2d at 1102. Where compliance with the Rule is a potential issue, the Commonwealth must be proactive and bring the scheduling problem to the court's attention. **See Commonwealth v. Aaron**, 804 A.2d 39, 44 (Pa.Super. 2002) (*en banc*).[3] Dismissal is appropriate where the Commonwealth fails to monitor the Rule 600 deadline adequately, and passively relies upon the court to schedule trial before the deadline. **Commonwealth v. Sloan**, 67 A.3d 1249, 1254 (Pa.Super. 2013).

As the trial court concluded, while the officer's training schedule may have been beyond the Commonwealth's control, the Commonwealth was still required to prove that once it discovered the need for a continuance, it raised the Rule 600 issue and asked the court to reschedule trial for a date before

_____

[3] **See also Commonwealth v. Staten**, 950 A.2d 1006, 1010 (Pa.Super. 2008) (stating we "will find that the Commonwealth acted with due diligence if, prior to the expiration of the mechanical run date, the prosecutor indicates readiness to try the case and requests the earliest possible trial date consistent with the [trial] court's business") (quoting **Commonwealth v. Preston**, 904 A.2d 1, 13 (Pa.Super. 2006) (brackets omitted)).

the run date. Although the Commonwealth was not required to submit a written request for an earlier date in another courtroom, or to request a docket notation to memorialize its attempts, it bore the burden of proving that the delay occurred despite its due diligence.[4] The Commonwealth failed in carrying this burden, as nothing suggests that it made any attempt to alert the trial court to the looming Rule 600 problem or secure a trial date within the required time. Rather, as the Commonwealth itself observes, "the issue never came up at the time of the continuance." Commonwealth's Br. at 24. This is insufficient. **See Sloan**, 67 A.3d at 1254; **Staten**, 950 A.2d at 1010; **Aaron**, 804 A.2d at 44. The trial court did not abuse its discretion in concluding that the Commonwealth was not duly diligent and we affirm the order dismissing the charges.

Order affirmed.

President Judge Panella joins the memorandum.

Judge McCaffery concurs in the result.

---

[4] **But cf.** Pa.R.Crim.P. 600(C)(3)(a) (requiring judge to record identity of the party requesting a continuance, the party to whom resulting delay will be attributed, and whether time is excludable).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20