J-A06015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COURTNEY ALLISON | : | No. 710 EDA 2024 |

Appeal from the Order Entered February 21, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0014090-2022

BEFORE: PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 28, 2025**

The Commonwealth appeals from the order entered by the Court of Common Pleas of Philadelphia County affirming the dismissal of charges against Courtney Allison by the Municipal Court of Philadelphia County for a violation of Rule 600. The Commonwealth challenges the Court of Common Pleas' order affirming the dismissal under Rule 600,[1] asserting the court should have applied Rule 1013[2] because the charges were filed in the Philadelphia Municipal Court. We reverse and remand for proceedings consistent with this memorandum.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Pa.R.Crim.P. 600.

[2] Pa.R.Crim.P. 1013.

Allison was charged with assault and criminal trespass by criminal complaint on June 11, 2020, for an incident that occurred on December 5, 2019. An arrest warrant was issued that same day. He was arrested on August 15, 2022, and a preliminary arraignment was held the next day. On September 15, 2022, Allison was adjudicated incompetent to stand trial. He was later declared competent on May 3, 2023. Initially, trial was scheduled for June 26, 2023. On that date a hearing was held where the Commonwealth requested a continuance, and the Municipal Court rescheduled trial for July 10, 2023.

A hearing was held on July 10, 2023. At the hearing, Allison raised a motion to dismiss on Rule 600 and constitutional speedy trial grounds. **See** N.T., 7/10/23, at 3. Allison asserted that he was prejudiced by the pre-arrest delay because potentially exculpatory SEPTA surveillance footage was already deleted and the Commonwealth failed to offer a reason for the delay. **See id.** at 4-8.

The Municipal Court questioned the Commonwealth about the period of delay between the filing of the criminal complaint and Allison's arrest. **See id.** at 10-31. The Commonwealth was unable to explain the delay but maintained that such testimony was not necessary because Rule 1013 controlled, which did not start the clock until the preliminary arraignment, and Allison failed to meet his burden of establishing prejudice. **See id.** at 9-10, 16-19.

After the Commonwealth could not provide a reason for the pre-arrest delay, the Municipal Court dismissed the case for "lack of evidence."[3] **See id.** at 32. Defense counsel sought clarification, and the following exchange occurred.

> [DEFENSE COUNSEL]: So, Your Honor, just so we're clear, this is dismissed on due process grounds?
>
> THE COURT: Yes.
>
> [DEFENSE COUNSEL]: Due process and constitutional speedy trial?
>
> THE COURT: Yes.
>
> [DEFENSE COUNSEL]: Okay.
>
> THE COURT: Speedy trial.
>
> [THE COMMONWEALTH]: Speedy trial and due process?
>
> THE COURT: Yes.
>
> [DEFENSE COUNSEL]: Based on the record of the Commonwealth presenting no sworn testimony?
>
> THE COURT: Correct

*Id.* at 33.

The Commonwealth timely filed a petition for writ of *certiorari* to the Court of Common Pleas. Upon the Commonwealth's request, the Court of Common Pleas consolidated the case with three other cases where the Municipal Court dismissed the charges under Rule 600. Attorney Victor Rauch,

---

[3] On the trial disposition form and the docket, the Municipal Court noted "Dismissed – LOE" (i.e., lack of evidence).

Esquire of the Defender Association of Philadelphia filed a consolidated response on behalf of Allison and the other defendants asserting that "the [Municipal C]ourt was correct to grant the defense motions in each case to dismiss the charges with prejudice pursuant to Pa.R.Crim.P. 600(A)(2)(a)." Consolidated Response to the Commonwealth's Appeals, 10/26/23, at 2. Argument was held before the Court of Common Pleas where Allison and the Commonwealth argued over whether Rule 600 or Rule 1013 applied.[4] **See generally** N.T., 11/28/23.

On February 21, 2024, the Court of Common Pleas issued a consolidated order addressing the "common issue" between the consolidated cases of whether Rule 600 or Rule 1013 controlled. **See** Court of Common Pleas Opinion, 2/21/24, at 1. The court concluded that Rule 600 applied and thus, the Municipal Court did not err in dismissing the charges in each case pursuant to Rule 600. **See id.** at 6. The Commonwealth filed a timely appeal to this Court. The Commonwealth complied with the Court of Common Pleas order to file a Rule 1925(b) statement.[5] **See** Pa.R.A.P. 1925(b).

The Commonwealth raises the following question for our review:

---

[4] Attorney Rauch argued on behalf of Allison and the defendants in the consolidated cases.

[5] The Commonwealth filed appeals in all four consolidated cases and the Court of Common Pleas entered a single Rule 1925(a) opinion for all four cases. The other three are: **Commonwealth v. Salcedo**, docketed at 647 EDA 2024; **Commonwealth v. Parker**, docketed at 693 EDA 2024; and **Commonwealth v. Farlow**, docketed at 646 EDA 2024.

Did the [trial] court err by dismissing all charges on purported Rule 600 grounds, where Rule 1013 (not Rule 600) applies to Philadelphia Municipal Court cases, and where fewer than 180 days of includable time allowed by Rule 1013 had elapsed by the date on which the court dismissed the charges?

Appellant's Brief, at 4.[6]

The Commonwealth's claim requires us to interpret certain Rules of Criminal Procedure and is therefore a question of law. "Accordingly, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Far**, 46 A.3d 709, 712 (Pa. 2012) (citation omitted).

_____

[6] Allison argues that the Commonwealth has failed to preserve the issue because the Municipal Court dismissed the case on constitutional grounds, not Rule 600, and the Commonwealth failed to challenge the Municipal Court's ruling in this Court. **See** Appellee's Brief, at 8. In the Municipal Court, Allison asserted both the Rule 600 and constitutional grounds for relief. In its petition for *certiorari* the Commonwealth asserted that the charges should not have been dismissed on either Rule 600 or constitutional grounds. **See** Petition, 8/8/23, at ¶¶ 8-9. In fact, before the Court of Common Pleas, Allison acknowledged that the Municipal Court dismissed the charges pursuant to Rule 600 and never argued that the Municipal Court dismissed the charges on constitutional grounds. **See** Consolidated Response to the Commonwealth's Appeals, 10/26/23, at 2; **see generally** N.T., 11/28/23. In considering the matter, the Court of Common Pleas acted as an appellate court reviewing a question of law. **See Commonwealth v. Sears**, 311 A.3d 34, 38 (Pa. Super. 2024). In that capacity, the Court of Common Pleas was not limited solely to the Municipal Court's reasons for dismissing the charges. **See Pennsylvania Dep't of Banking v. NCAS of Delaware, LLC**, 948 A.2d 752, 761-62 (Pa. 2008) ("[A]ppellate courts are not limited by the specific grounds raised by the appellee or invoked by the court under review, but may affirm for any valid reason." (citation omitted)). The Court of Common Pleas concluded as a matter of law that Rule 600 was the applicable rule, under Rule 600 the charges should have been dismissed, and thus, the Municipal Court did not err in dismissing the charges. Our review is limited to that order, not the Municipal Court's ruling. **See** 42 Pa.C.S.A. § 742. Therefore, Allison's argument is without merit, and we will appropriately address the Commonwealth's issue.

- 5 -

> Pursuant to Pa.R.Crim.P. 101(C), we must, to the extent practicable, construe the Rules of Criminal Procedure in consonance with the rules of statutory construction, which are set forth in the Statutory Construction Act of 1972. The object of all interpretation is to ascertain and effectuate the intent of the drafters, a task that is best accomplished by considering the plain language of the provision(s) at issue. However, when the words are not explicit, then the court must consider various other indicia of intent, such as the object and necessity of the rule and the mischief meant to be remedied. The rules should be construed to give effect to all their provisions, and a single rule should not be read in a vacuum, especially where there is an apparent interrelationship among rules. We may consult the explanatory comments of the committee that worked on a rule.

*Id.* at 712-13 (footnote and citations omitted).

The three rules we must evaluate here are Rule 600, Rule 1013, and Rule 1000. First, Rule 600 is the prompt trial rule which is applicable to statewide trial courts. *See Far*, 46 A.3d at 713. Rule 600 provides, in relevant part:

> (A) Commencement of Trial; Time for Trial
>
> ***
>
> > (2) Trial shall commence within the following time periods.
> >
> > > (a)  Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2)(a) (bolding omitted).

Second, Rule 1013 is the prompt trial rule which is applicable to the Philadelphia Municipal Courts. Rule 1013 provides, in relevant part:

> (A)(1) Trial in a Municipal Court case shall commence no later than 180 days from the date on which the preliminary arraignment is held.

Pa.R.Crim.P. 1013(A)(1).

Finally, Rule 1000 defines when the Municipal Court Rules apply:

(A) The rules in this chapter govern all proceedings in the Philadelphia Municipal Court, including summary cases; Municipal Court cases, as defined in Rule 1001(A); the filing of appeals from Municipal Court cases; the filing of petitions for writs of *certiorari*; and the preliminary proceedings in criminal cases charging felonies, Part A, and govern proceedings in summary traffic cases in Municipal Court Traffic Division, Part B.

(B) Any procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in Chapter 10 or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 shall be governed by the relevant statewide rule.

Pa.R.Crim.P. 1000.

The Commonwealth argues Rule 1013(A)(1) applies because this case was filed in the Philadelphia Municipal Court. **See** Appellant's Brief, at 9. The Commonwealth posits the Court of Common Pleas erred in applying Rule 600 after finding Rule 1013 was silent as to the issue of pre-arrest delay. **See id.** at 12. As the Commonwealth explains:

Rule 1013 is *not* "silent" as to the issue of pre-arrest delay; it very clearly begins its calculations with an event that necessarily occurs *after* an arrest is made—i.e., the preliminary arraignment. Indeed, even Rule 600 does not "speak to" pre-arrest delay in the sense the [Court of Common Pleas] meant; it simply begins its calculations with an event that may occur before an arrest is made—i.e., the filing of the criminal complaint.

Appellant's Brief, at 12-13 (citations and footnotes omitted; emphasis in original).

The Court of Common Pleas found the Municipal Court properly applied Rule 600 because Rule 1013 does not specifically address pre-arrest delay.[7] **See** Court of Common Pleas Opinion, 4/12/24, at 4-5, 7. The Court of Common Pleas, after reviewing Rule 1013, stated:

> In the instant matters, a summons was not issued to the [d]efendants and the cases were initiated by an arrest warrant and complaint. There was a delay where the [d]efendants were not arrested until after 365 days had elapsed and there was nothing in the record to indicate that the defendants caused the delay. Rule 1013 does not specifically address this situation.

**Id.** at 4. The Court of Common Pleas then went on to evaluate the time under Rule 600 and affirmed the Municipal Court. **See id.** at 4-6.

The problem with the Court of Common Pleas' holding is Rule 1013 is unambiguous. "Trial in a Municipal Court case **shall** commence no later than 180 days from the date on which the **preliminary arraignment is held.**" Pa.R.Crim.P. 1013(A)(1) (emphases added). Here, because Allison's preliminary arraignment was August 16, 2022, the mechanical run date pursuant to Rule 1013(A)(1) was February 13, 2023.[8] **See Commonwealth v. Staten**, 950 A.2d 1006, 1010-11 (Pa. Super. 2008) (First, one must

---

[7] Allison did not set forth an argument in his appellate brief on this issue but adopted the reasoning of the Court of Common Pleas' opinion. **See** Appellee's Brief, at 12 n.8. This arguably falls short of our Appellate Rules which require an advocate brief. **See** Pa.R.A.P. 2112 (directing that appellee brief contain summary of argument and complete argument of appellee).

[8] When one hundred and eighty days after the preliminary arraignment falls on a Sunday, the mechanical run date is adjusted to the next weekday. **See Commonwealth v. McCarthy**, 180 A.3d 368, 376 (Pa. Super. 2018) (citing 1 Pa.C.S. § 1908).

determine the mechanical run date for a Rule 1013 claim.); ***Commonwealth v. Preston***, 904 A.2d 1, 11 (Pa. Super. 2006) (*en banc*) ("In a municipal court case, the mechanical run date is ascertained by counting the number of days from the triggering event—e.g., the date on which the preliminary arraignment occurred or on which the criminal complaint was filed—to the date on which trial must commence under Rule 1013[(A)(1) or (2)]." And further finding the triggering event was Preston's preliminary arraignment.).

Next, we must determine the adjusted run date by excluding any periods of delay attributable to Allison. ***See Preston***, 904 A.2d at 11. A period of delay caused by a defendant being declared incompetent is excluded. ***See Commonwealth v. Armstead***, 518 A.2d 579, 581 (Pa. Super. 1986). Here, Allison was unavailable for the 230-day period that he was declared incompetent from September 15, 2022, to May 3, 2023. Adding this 230-day period to the mechanical run date results in an adjusted run date of October 2, 2023.[9]

The Municipal Court dismissed the charges on July 10, 2023, long before the adjusted run date of October 2, 2023. Therefore, the Court of Common Pleas erred in affirming the dismissal, as Rule 1013 was not violated at the time the Municipal Court dismissed Allison's charges.

_____

[9] When two hundred and thirty days after the preliminary arraignment falls on a Sunday, the adjusted run date is adjusted to the next weekday. ***See McCarthy***, 180 A.3d at 376 (citing 1 Pa.C.S. § 1908).

Further, contrary to the Court of Common Pleas' conclusion, when reading Rule 1013 as a whole, pre-arrest delay was contemplated by the drafters of the rule, just as it was in Rule 600. **See** Court of Common Pleas Opinion, 4/12/24, at 4-5. Rule 1013(A)(2) provides "[t]rial in a Municipal Court case in which the defendant appears pursuant to a summons shall commence no later than 180 days from the date on which the complaint is filed." Pa.R.Crim.P. 1013(A)(2). This is strikingly similar to Rule 600's language: "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). As such, the Court of Common Pleas' assertion that "Rule 1013 does not specifically address th[e] situation [of pre-arrest delay]" is incorrect. Court of Common Pleas Opinion, 4/12/24, at 4. Rule 1013 contemplates pre-arrest delay when a defendant appears via summons. **See** Pa.R.Crim.P. 1013(A)(2).

"The rules should be construed to give effect to all their provisions" and we cannot ignore the fact the drafters chose to use the date the complaint was filed as the triggering event when a defendant appears by summons but not when the case is initiated by arrest warrant. **Far**, 46 A.3d at 712 (citation omitted); **see** Pa.R.Crim.P. 1013(A)(1), (2).

Further, we are mindful that:

in interpreting a particular [rule] we must remain always mindful of the principle that, although one is admonished to listen attentively to what a [rule] says; one must also listen attentively to what it does not say. Accordingly, it is not for the courts to add,

- 10 -

by interpretation, to a [rule], a requirement which the [drafters] did not see fit to include.

***Commonwealth v. Gehris***, 54 A.3d 862, 864-65 (Pa. 2012) (citations and quotation marks omitted). As Rule 1013 is not ambiguous, we cannot add a requirement that the Commonwealth must bring a Philadelphia Municipal Court case to trial, when initiated by arrest warrant, within 365 days of the complaint being filed. While we do not condone the actions of waiting over two years to arrest Allison without any showing of due diligence on the part of the Commonwealth, we are bound by the plain language of the rule. As the charges were dismissed prior to the adjusted run date, we are constrained to reverse and remand for trial.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025