46 A.3d 709

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Nasir FAR, Appellee.**

**Commonwealth of Pennsylvania, Appellant**

v.

**Regina Little, Appellee.**

**Commonwealth of Pennsylvania, Appellant**

v.

**Garnell Brown, Appellee.**

Supreme Court of Pennsylvania.

31 EAP 2011 Submitted Feb. 1, 2012.

29 & 30 EAP 2011 Argued March 7, 2012.

Decided June 18, 2012.

150

Hugh J. Burns, Jr., Ronald Eisenberg, Philadelphia, Max Cooper Kaufman, Philadelphia District Attorney's Office, Joseph E. McGettigan III, Rufus Seth Williams, Office of the District Attorney of Philadelphia County, for Commonwealth of Pennsylvania.

Holly C. Dobrosky, Guy R. Sciolla, Law Offices of Guy R. Sciolla, Philadelphia, for Nasir Far.

Holly C. Dobrosky, for Regina Little.

Salvatore C. Adamo, for Garnell Brown.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

### *OPINION*

Justice McCAFFERY.

This case presents a question of law as to the interplay of two prompt trial rules: Pennsylvania Rule of Criminal Procedure ("Pa.R.Crim.P.") 600, which is applicable to trial courts statewide, and Pa.R.Crim.P. 1013(A)(4), which is applicable only when a case originates in the Court of Common Pleas, but then is transferred to Philadelphia Municipal Court. Because we have determined that the Superior Court incorrectly applied Rule 1013 to the circumstances of this case, we reverse.

On February 6, 2007, following a narcotics investigation and surveillance operation by the Philadelphia police and the FBI, Nasir Far, Regina Little, and Garnell Brown (collectively, "Appellees") were arrested. Appellees were charged with possession with intent to deliver PCP ("PWID–PCP"), possession with intent to deliver marijuana, possession of drug paraphernalia, and conspiracy.[1] PWID–PCP is a felony, and hence Appellees' cases were commenced in the Court of Common Pleas. Although the cases were listed for a preliminary hearing on several dates, to wit, February 14, 2007; April 30, 2007; and July 13, 2007, the Commonwealth repeatedly failed to produce a chemical laboratory report of the PCP analysis, without which the Commonwealth could not present a *prima facie* case for PWID–PCP, and thus the cases were continued. On July 13, 2007, the Commonwealth withdrew the PWID–PCP charge. Because all of the remaining charges were misdemeanors, the cases were remanded to the Philadelphia Municipal Court.[2]

Trial was set for October 2, 2007, in Municipal Court; however, on October 1, 2007, the Commonwealth indicated that it would exercise its right, pursuant to Article I, Section 6 of the Pennsylvania Constitution, to a trial by jury. Because Municipal Court does not conduct jury trials, the Commonwealth petitioned to transfer the cases back to the Court of Common Pleas.[3] A preliminary hearing was conducted on

1. Respectively, 35 P.S. §§ 780–113(a)(30); 780–113(a)(32); 18 Pa.C.S. § 903(a)(1).

2. The Philadelphia Municipal Court's jurisdiction includes the following:

   ... the Philadelphia Municipal Court shall have jurisdiction of the following matters:

   *       *       *       *       *       *

   (2) Criminal offenses by any person [ ] for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years.... In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo, including the right of trial by jury, to the court of common pleas.
   42 Pa.C.S. § 1123(a)(2).

3. Pursuant to Article I, Section 6 of the Pennsylvania Constitution, "in criminal cases, the Commonwealth shall have the same right to trial by

December 7, 2007, and Appellees were held for trial in the Court of Common Pleas.

On February 21, 2008, Appellees moved for dismissal of the charges against them based on Pa.R.Crim.P. 1013(A)(4), which is a prompt trial rule governing cases that commence in the Court of Common Pleas, but are subsequently transferred to Philadelphia Municipal Court. On March 6, 2008, the Court of Common Pleas conducted a hearing, wherein the Commonwealth countered that Pa.R.Crim.P. 600, the general prompt trial rule applicable to the Court of Common Pleas, and not Rule 1013(A)(4), applied to Appellees' cases. The court did not agree with the Commonwealth, but rather accepted Appellees' contention that Rule 1013(A)(4) controlled the time frame under which the Commonwealth was required to bring Appellees to trial in the Court of Common Pleas under the circumstances of this case. In addition, the court concluded that Rule 1013(A)(4)'s time limits had been exceeded, and therefore the court dismissed all charges and discharged Appellees.

The Commonwealth appealed to the Superior Court, which affirmed in a brief, unpublished opinion adopting the analysis of the Court of Common Pleas concerning this issue. *Commonwealth v. Far*, 4 A.3d 180 (Pa.Super.2010) (Table). The Commonwealth then filed a petition for allowance of appeal to

jury as does the accused." This provision became effective in November 1998, following its approval by a majority of the Pennsylvania electorate. *See Commonwealth v. Tharp*, 562 Pa. 231, 754 A.2d 1251, 1252, 1255 (2000).

In 2007, in response to this constitutional amendment, this Court adopted the following rule, which sets forth the procedures to be followed when the Commonwealth seeks to transfer a case from Municipal Court to the Court of Common Pleas for a jury trial:

The attorney for the Commonwealth may file with the Municipal Court Clerk of Courts a written certification to exercise the Commonwealth's right to a jury trial in a Municipal Court case. The attorney for the Commonwealth shall serve a copy of the certification on counsel for the defendant, or the defendant if unrepresented, and on the President Judge of Municipal Court. Upon receipt of the certification, the President Judge shall promptly schedule a preliminary hearing, and the case shall be conducted as provided in Rules 541, 542, and 543. When a case is held for court, the case shall remain in the Common Pleas Court through final disposition.

Pa.R.Crim.P. 1001(D); *see* Comment. to Rule 1001.

this Court, which we granted. The sole issue on appeal is the following:

> When a case that was transferred from the Philadelphia Court of Common Pleas to Philadelphia Municipal Court is later transferred back to the Court of Common Pleas, is the case governed by Pa.R.Crim.P. 600, the prompt trial rule applicable to the Court of Common Pleas[,] or Pa.R.Crim.P. 1013, the prompt trial rule applicable to the Philadelphia Municipal Court?

*Commonwealth v. Far*, 610 Pa. 11, 17 A.3d 922 (2011).

The issue presented requires interpretation of the relevant Rules of Criminal Procedure, a question of law. Accordingly, our standard of review is *de novo* and our scope is plenary. *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011). Pursuant to Pa.R.Crim.P. 101(C), we must, to the extent practicable, construe the Rules of Criminal Procedure in consonance with the rules of statutory construction, which are set forth in the Statutory Construction Act of 1972.[4] *Commonwealth v. Williams*, 607 Pa. 597, 9 A.3d 613, 618 (2010); *Commonwealth v. Revtai*, 516 Pa. 53, 532 A.2d 1, 5 (1987). The object of all interpretation is to ascertain and effectuate the intent of the drafters, a task that is best accomplished by considering the plain language of the provision(s) at issue. *Williams, supra; Commonwealth v. Sloan,* 589 Pa. 15, 907 A.2d 460, 465 (2006) (citing 1 Pa.C.S. § 1921); *see also Commonwealth v. Pressley*, 584 Pa. 624, 887 A.2d 220, 223 n. 5 (2005) (citing 1 Pa.C.S. § 1903(a) for the principle that rules must interpreted in accordance with the plain meaning of their terms). However, when the words are not explicit, then the court must consider various other indicia of intent, such as the object and necessity of the rule and the mischief meant to be remedied. *Sloan, supra* (citing 1 Pa.C.S. § 1921(c)). The rules should be construed to give effect to all their provisions, and a single rule should not be read in a vacuum, especially where there is an apparent interrelationship among rules. *Revtai, supra* at 5–6 (citing 1 Pa.C.S. § 1921(a)). We may

---

4. Act of December 6, 1972, No. 290 § 3, as amended, 1 Pa.C.S. §§ 1501–1991.

consult the explanatory comments of the committee that worked on a rule. *Commonwealth v. Lockridge,* 570 Pa. 510, 810 A.2d 1191, 1195 (2002).

The question presented here is which prompt trial rule applies to the instant circumstances—Rule 600, which is applicable statewide to trial courts, or Rule 1013, which is applicable only to the Philadelphia Municipal Court. There are three Rules of Criminal Procedure relevant to this question.

The prompt trial rule applicable statewide to trial courts reads, in relevant part, as follows:

**Rule 600.    Prompt Trial**

    \*  \*  \*  \*  \*  \*

(A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600.

■   This prompt trial rule was adopted by this Court in 1973 "to give substantive effect to the United States Supreme Court's observation that state courts could, pursuant to their supervisory powers, establish fixed time periods within which criminal cases must normally be brought by the Commonwealth." *Commonwealth v. DeBlase,* 542 Pa. 22, 665 A.2d 427, 431 (1995) (citing *Commonwealth v. Terfinko,* 504 Pa. 385, 474 A.2d 275, 278 (1984)). Although the original rule required that trial commence within 180 days, this Court amended the rule in 1987 to allow 365 days after filing of the complaint when a defendant is free on bail. *Commonwealth v. Palmer,* 384 Pa.Super. 379, 558 A.2d 882, 883–84 (1989).

There is a separate prompt trial rule applicable solely to the Philadelphia Municipal Court, to wit, Rule 1013, which is found in Chapter 10 of the Rules of Criminal Procedure, a chapter that sets forth specifically and exclusively "Rules of Criminal Procedure for the Philadelphia Municipal Court and the Philadelphia Traffic Court." Rules 1013(A)(2) and (A)(3) require, respectively, that trial in a Municipal Court case commence no

later than 180 days from the date of a preliminary arraignment or, when the defendant appears pursuant to a summons, no later than 180 days from the date on which the complaint was filed. Rule 1013(A)(4), the rule relevant to the instant case, addresses the circumstance in which a case is transferred from the Court of Common Pleas to Municipal Court:

**Rule 1013. Prompt Trial—Municipal Court**

\* \* \* \* \* \*

(A)(4) Trial in a case that commenced as a Common Pleas Court case but was later ordered to be tried in Municipal Court shall commence no later than 180 days from the date on which the preliminary arraignment is held or 60 days from the date on which the order is made, whichever is greater.

Pa.R.Crim.P. 1013(A)(4).

The scope of the rules set forth in Chapter 10 of the Rules of Criminal Procedure is provided in Rule 1000.

**Rule 1000. Scope of Rules**

(A) The **rules in this chapter govern all proceedings in the Philadelphia Municipal Court,** including summary cases; Municipal Court cases, as defined in Rule 1001(A); the filing of appeals from Municipal Court cases; the filing of petitions for writs of certiorari; and the preliminary proceedings in criminal cases charging felonies, Part A, . . . .

(B) **Any procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in** [this Chapter] or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 **shall be governed by the relevant statewide rule.**

Pa.R.Crim.P. 1000 (emphasis added).

The Commonwealth argues that Rule 1013(A)(4) does not apply here because it does not encompass the additional procedural development of a second transfer, back to the Court of Common Pleas. Therefore, the Commonwealth concludes, based on the plain text of Rule 1000(B), the general statewide prompt trial rule, Rule 600, must govern Appellees' cases. Appellees rely on the text of Rule 1013(A)(4) to argue that, once a case is transferred from the Court of Common

Pleas to the Municipal Court, Rule 1013(A)(4) becomes controlling and must be applied, regardless of any subsequent transfer of the case out of Municipal Court.

■ It is indisputable that no rule explicitly and specifically covers the rather unusual circumstances presented here, where the cases were initiated in Court of Common Pleas, transferred to Municipal Court when the sole felony charge was dismissed, and then transferred back to the Court of Common Pleas because the Commonwealth sought a trial by jury. We must agree with the Commonwealth that Rule 1000 dictates that Rule 1013, applicable **only** to Municipal Court, does not apply to Appellees' cases. As made clear by the plain language of Rule 1000(B), any procedure governed by a statewide Rule of Criminal Procedure that "is not **specifically** covered in Chapter 10 [of the Rules of Criminal Procedure] . . . shall be governed by the relevant statewide rule." (Emphasis added). The procedure at issue here, involving adherence to prompt trial mandates in a case that has been twice transferred, is not **specifically** covered by Rule 1013(A)(4) or any other Chapter 10 rule; therefore, the relevant statewide rule, Rule 600, must apply.

Furthermore, pursuant to the plain language of Rule 1000(A), the rules in Chapter 10 "govern all proceedings in the Philadelphia Municipal Court." Here, once Appellees' cases were transferred back to Court of Common Pleas, the cases were no longer "proceedings in the Philadelphia Municipal Court." The cases had once again become proceedings in the Court of Common Pleas, and therefore were not encompassed by the scope of the rules in Chapter 10.

We hold that Pa.R.Crim.P. 600, the statewide prompt trial rule, applies to Appellees' cases. Accordingly, we reverse the Superior Court's order, and remand to the trial court for further proceedings consistent with this opinion.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE, Justices SAYLOR, EAKIN and BAER and TODD join the opinion.