J-A06013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ELVIS SALCEDO | : | No. 647 EDA 2024 |

Appeal from the Order Entered February 21, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-CR-0003849-2023

BEFORE:   PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED MARCH 28, 2025**

The Commonwealth appeals from the order entered by the Philadelphia County Court of Common Pleas affirming the dismissal of charges against Elvis Salcedo by the Philadelphia County Municipal Court for a violation of Pennsylvania Rule of Criminal Procedure Rule 600 ("Rule 600").

This case presents a question of law as to the interplay of two prompt trial rules: Rule 600, which is applicable to trial courts statewide, and Rule 1013, which is applicable to Philadelphia Municipal Court. The Commonwealth challenges the dismissal of charges under Rule 600, asserting that Rule 1013 should have applied as this was a Municipal Court case. After careful review, we reverse and remand for proceedings consistent with this memorandum.

_____

[*] Former Justice specially assigned to the Superior Court.

On July 26, 2021, Salcedo was charged by criminal complaint with simple assault, recklessly endangering another person, and possessing an instrument of crime. On March 2, 2023, Salcedo was apprehended and arrested.

On March 3, 2023, a preliminary arraignment was held, and trial was initially scheduled for April 18, 2023. After two Commonwealth continuances, trial was eventually rescheduled for June 16, 2023.

Two days prior to trial, Salcedo filed a motion to dismiss the charges for a violation of Rule 600. On June 16, 2023, following a hearing on the motion to dismiss, the municipal court determined that Rule 600 applied and granted Salcedo's motion and dismissed the charges.

The Commonwealth filed an appeal to the Court of Common Pleas.[1] On November 28, 2023, following argument and taking the matter under advisement, the Court of Common Pleas affirmed the dismissal of Salcedo's charges, having found Rule 600 applies to the Philadelphia Municipal Court where an arrest warrant was issued.[2] This timely appeal followed.

_____

[1] While the Commonwealth's notice referred to the filing as an appeal, the Court of Common Pleas treated the notice as a writ of *certiorari*. **See** Commonwealth's Notice of Appeal (single page, identifying the notice as an "[a]ppeal from the Order of June 16, 2023 …"); Court of Common Pleas Opinion, 4/12/24, at 2 (noting the Commonwealth filed a petition for *certiorari*).

[2] The Court of Common Pleas consolidated this case with three other petitions for writs of *certiorari* filed by the Commonwealth regarding the municipal court
*(Footnote Continued Next Page)*

The Commonwealth raises the following question for our review:

Did the [Court of Common Pleas] err by dismissing all charges on purported Rule 600 grounds, where Rule 1013 (not Rule 600) applies to Philadelphia Municipal Court cases, and where fewer than 180 days of includable time allowed by Rule 1013 had elapsed by the date on which the court dismissed the charges?

Appellant's Brief, at 4.

The Commonwealth's claim requires us to interpret certain Rules of Criminal Procedure and is therefore a "question of law. Accordingly, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Far*, 46 A.3d 709, 712 (Pa. 2012) (citation omitted).

Pursuant to Pa.R.Crim.P. 101(C), we must, to the extent practicable, construe the Rules of Criminal Procedure in consonance with the rules of statutory construction, which are set forth in the Statutory Construction Act of 1972. The object of all interpretation is to ascertain and effectuate the intent of the drafters, a task that is best accomplished by considering the plain language of the provision(s) at issue. However, when the words are not explicit, then the court must consider various other indicia of intent, such as the object and necessity of the rule and the mischief meant to be remedied. The rules should be construed to give effect to all their provisions, and a single rule should not be read in a vacuum, especially where there is an apparent interrelationship among rules. We may consult the explanatory comments of the committee that worked on a rule.

*Id.* at 712-13 (footnote and citations omitted).

_____

dismissing charges under Rule 600. The Court of Common Pleas entered a single order affirming the municipal court and issued one Rule 1925(a) opinion for all four cases. The Commonwealth filed appeals in all four cases. The other three are: *Commonwealth v. Parker*, docketed at 693 EDA 2024; *Commonwealth v. Allison*, docketed at 710 EDA 2024; and *Commonwealth v. Farlow*, docketed at 646 EDA 2024.

The three rules we must evaluate here are Rule 600, Rule 1013, and Rule 1000. First, Rule 600 is the prompt trial rule which is applicable to statewide trial courts. **See Far**, 46 A.3d at 713. Rule 600 provides, in relevant part:

**Rule 600. Prompt Trial**

**(A) Commencement of Trial; Time for Trial**

\*\*\*

(2) Trial shall commence within the following time periods.

> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2)(a).

There is a separate prompt trial rule applicable solely to the Philadelphia Municipal Court. Relevantly, Rule 1013 requires that trial in a municipal court case "commence no later than 180 days from the date on which the preliminary arraignment is held." Pa.R.Crim.P. 1013(A)(1).

Rule 1000 sets forth the scope of the rules pertaining to municipal court as follows:

**Rule 1000. Scope of Rules**

(A) The rules in this chapter govern all proceedings in the Philadelphia Municipal Court, including summary cases; Municipal Court cases, as defined in Rule 1001(A); the filing of appeals from Municipal Court cases; the filing of petitions for writs of *certiorari*; and the preliminary proceedings in criminal cases charging felonies, Part A, and govern proceedings in summary traffic cases in Municipal Court Traffic Division, Part B.

(B) Any procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in [this Chapter] or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 shall be governed by the relevant statewide rule.

Pa.R.Crim.P. 1000.

The Commonwealth argues Rule 1013 applies because this case was filed in the Philadelphia Municipal Court. **See** Appellant's Brief, at 9. The Commonwealth posits the Court of Common Pleas erred in applying Rule 600 after finding Rule 1013 was silent as to the issue of pre-arrest delay. **See id.** at 12. As the Commonwealth explains:

Rule 1013 is *not* "silent" as to the issue of pre-arrest delay; it very clearly begins its calculations with an event that necessarily occurs *after* an arrest is made—i.e., the preliminary arraignment. Indeed, even Rule 600 does not "speak to" pre-arrest delay in the sense the lower court meant; it simply begins its calculations with an event that may occur before an arrest is made—i.e., the filing of the criminal complaint.

Appellant's Brief, at 12-13 (citations and footnotes omitted; emphasis in original).

Salcedo argues Rule 600 applies because pre-arrest delay is not specifically covered by Rule 1013, and under Rule 1000(B), it must then be covered under Rule 600. **See** Appellee's Brief, at 1-2. Further, Salcedo argues that interpreting Rule 1013 exactly as it is written, and starting the clock at the preliminary arraignment, would lead to an absurd result where there is no time limit governing pre-arrest delay in Philadelphia Municipal Court cases initiated by an arrest warrant; although conceding the Constitutional

guarantees of due process and speedy trial rights would still be applicable. ***See id.*** at 13.

The Court of Common Pleas found the Municipal Court properly applied Rule 600 because Rule 1013 does not specifically address pre-arrest delay. ***See*** Trial Court Opinion, 4/12/24, at 4-5, 7. The Court of Common Pleas, after reviewing Rule 1013, stated:

> In the instant matters, summons was not issued to the [d]efendants and the cases were initiated by an arrest warrant and complaint. There was a delay where the [d]efendants were not arrested until after 365 days had elapsed and there was nothing in the record to indicate that the defendants cause the delay. Rule 1013 does not specifically address this situation.

***Id.*** at 4. The Court of Common Pleas then went on to evaluate the time under Rule 600 and affirmed the Municipal Court. ***See id.*** at 4-6.

The problem with Salcedo's argument and the Court of Common Pleas' holding is Rule 1013 is unambiguous. "Trial in a Municipal Court case **shall** commence no later than 180 days from the date on which the **preliminary arraignment is held**." Pa.R.Crim.P. 1013(A)(1) (emphasis added). Here, because Salcedo's preliminary arraignment was March 3, 2023, the mechanical run date pursuant to Rule 1013(A)(1) was August 30, 2023. ***See Commonwealth v. Staten***, 950 A.2d 1006, 1010-11 (Pa. Super. 2008) (First, one must determine the mechanical run date for a Rule 1013 claim.); ***Commonwealth v. Preston***, 904 a.2d 1, 11 (Pa. Super. 2006) (*en banc*) ("In a municipal court case, the mechanical run date is ascertained by counting the number of days from the triggering event—e.g., the date on which the

preliminary arraignment occurred or on which the criminal complaint was filed—to the date on which trial must commence under Rule 1013[(A)(1) or (2)]." And further finding the triggering event was Preston's preliminary arraignment.).

Salcedo's trial was scheduled for June 16, 2023, long before the mechanical run date of August 30, 2023. Therefore, the Court of Common Pleas erred in affirming the dismissal, as Rule 1013 was not violated at the time the Municipal Court dismissed Salcedo's charges.

Further, unlike Salcedo claims, when reading Rule 1013 as a whole, pre-arrest delay was contemplated by the drafters of the rule, just as it was in Rule 600. *See* Appellee's Brief, at 10 (asserting Rule 1013 does not contemplate pre-arrest delay). Rule 1013(A)(2) provides "[t]rial in a Municipal Court case in which the defendant appears pursuant to a summons shall commence no later than 180 days from the date on which the complaint is filed." Pa.R.Crim.P. 1013(A)(2). This is strikingly similar to Rule 600's language: "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). As such, the Court of Common Pleas' assertion that "Rule 1013 does not specifically address th[e] situation [of pre-arrest delay]" is incorrect. Court of Common Pleas Opinion, 4/12/24, at 4. Rule 1013 contemplates pre-arrest delay when a defendant appears via summons. *See* Pa.R.Crim.P. 1013(A)(2).

"The rules should be construed to give effect to all their provisions" and we cannot ignore the fact the drafters chose to use the date the complaint was filed as the triggering event when a defendant appears by summons but not when the case is initiated by arrest warrant. ***Far***, 46 A.3d at 712 (citation omitted); ***see*** Pa.R.Crim.P. 1013(A)(1), (2).

Finally, we are mindful that:

> in interpreting a particular [rule] we must remain always mindful of the principle that, although one is admonished to listen attentively to what a [rule] says; one must also listen attentively to what it does not say. Accordingly, it is not for the courts to add, by interpretation, to a [rule], a requirement which the [drafters] did not see fit to include.

***Commonwealth v. Gehris***, 54 A.3d 862, 864-65 (Pa. 2012) (citations and quotation marks omitted). As Rule 1013 is not ambiguous, we cannot add a requirement that the Commonwealth must bring a Philadelphia Municipal Court case to trial, when initiated by arrest warrant, within 365 days of the complaint being filed. We do not condone the actions of waiting almost two years to arrest Salcedo without any showing of due diligence on the part of the Commonwealth, but we are bound by the plain language of the rule. The Court of Common Pleas erred in affirming the Municipal Court's finding that Rule 1013 did not apply. As the charges were dismissed prior to the mechanical run date, we are constrained to reverse and remand for trial.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025