J-A06014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAVOR PARKER | : | No. 693 EDA 2024 |

Appeal from the Order Entered February 21, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0008291-2023

BEFORE: PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 28, 2025**

The Commonwealth appeals from the order entered by the Court of Common Pleas of Philadelphia County affirming the dismissal of charges against Shavor Parker by the Municipal Court of Philadelphia County for a violation of Rule 600.[1] The Commonwealth challenges the Court of Common Pleas' order affirming the dismissal under Rule 600, asserting the court should have applied Rule 1013[2] because the charges were filed in the Philadelphia Municipal Court. We reverse and remand for proceedings consistent with this memorandum.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Pa.R.Crim.P. 600.

[2] Pa.R.Crim.P. 1013.

Parker was charged with terroristic threats and criminal mischief by criminal complaint on May 8, 2020, for offenses which occurred on March 31, 2020. On May 8, 2020, an arrest warrant was issued.[3] Parker was arrested on the outstanding arrest warrant on May 10, 2023. A preliminary arraignment was held on May 11, 2023, and trial was initially scheduled for June 26, 2023 in the Philadelphia Municipal Court. The Commonwealth requested a continuance, and trial was rescheduled for July 31, 2023. Prior to trial, on July 17, 2023, Parker filed a motion to dismiss the charges for a violation of Rule 600.[4] The municipal court granted Parker's motion and dismissed the charges on July 31, 2023.

The Commonwealth filed an appeal to the Court of Common Pleas on August 29, 2023.[5] After argument,[6] the Court of Common Pleas affirmed the dismissal of Parker's charges, holding Rule 600 applies to the Philadelphia

---

[3] It is unclear why this case proceeded with an arrest warrant and not a summons. **See** Pa.R.Crim.P. 1003(C).

[4] While Parker initially raised a violation of her Constitutional speedy trial rights, she has abandoned this argument on appeal and only argues the Court of Common Pleas was correct in holding Rule 600 applies to her case.

[5] While the Commonwealth's notice referred to the filing as an appeal, the Court of Common Pleas treated the notice as a writ of *certiorari*. **See** Commonwealth's Notice of Appeal (single page, identifying the notice as an "[a]ppeal from the Order of July, 2023 …"); Court of Common Pleas Opinion, 4/12/24, at 2 (noting the Commonwealth filed a petition for *certiorari*).

[6] The transcript of argument was not included in the certified record.

Municipal Court where an arrest warrant was issued.[7] The Commonwealth filed a timely appeal to this Court. The Commonwealth complied with the Court of Common Pleas' order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

The Commonwealth raises the following question for our review:

> Did the [Court of Common Pleas] err by dismissing all charges on purported Rule 600 grounds, where Rule 1013 (not Rule 600) applies to Philadelphia Municipal Court cases, and where fewer than 180 days of includable time allowed by Rule 1013 had elapsed by the date on which the court dismissed the charges?

Appellant's Brief, at 4.

The Commonwealth's claim requires us to interpret certain Rules of Criminal Procedure and is therefore a question of law. "Accordingly, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Far**, 46 A.3d 709, 712 (Pa. 2012) (citation omitted).

> Pursuant to Pa.R.Crim.P. 101(C), we must, to the extent practicable, construe the Rules of Criminal Procedure in consonance with the rules of statutory construction, which are set forth in the Statutory Construction Act of 1972. The object of all interpretation is to ascertain and effectuate the intent of the drafters, a task that is best accomplished by considering the plain language of the provision(s) at issue. However, when the words are not explicit, then the court must consider various other indicia of intent, such as the object and necessity of the rule and the mischief meant to be remedied. The rules should be construed to

---

[7] The Court of Common Pleas consolidated this case with three other petitions for writs of *certiorari* filed by the Commonwealth regarding the municipal court dismissing charges under Rule 600. The Court of Common Pleas entered a single order affirming the municipal court and issued one Rule 1925(a) opinion for all four cases. The Commonwealth filed appeals in all four cases. The other three are: **Commonwealth v. Salcedo**, docketed at 647 EDA 2024; **Commonwealth v. Allison**, docketed at 710 EDA 2024; and **Commonwealth v. Farlow**, docketed at 646 EDA 2024.

give effect to all their provisions, and a single rule should not be read in a vacuum, especially where there is an apparent interrelationship among rules. We may consult the explanatory comments of the committee that worked on a rule.

*Id.* at 712-13 (footnote and citations omitted).

The three rules we must evaluate here are Rule 600, Rule 1013, and Rule 1000. First, Rule 600 is the prompt trial rule which is applicable to statewide trial courts. *See Far*, 46 A.3d at 713. Rule 600 provides, in relevant part:

(A) Commencement of Trial; Time for Trial

\*\*\*

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2)(a) (bolding omitted).

Second, Rule 1013 is the prompt trial rule which is applicable to the Philadelphia Municipal Courts. Rule 1013 provides, in relevant part:

(A)(1) Trial in a Municipal Court case shall commence no later than 180 days from the date on which the preliminary arraignment is held.

Pa.R.Crim.P. 1013(A)(1).

Finally, Rule 1000 defines when the Municipal Court Rules apply:

(A) The rules in this chapter govern all proceedings in the Philadelphia Municipal Court, including summary cases; Municipal Court cases, as defined in Rule 1001(A); the filing of appeals from

- 4 -

Municipal Court cases; the filing of petitions for writs of *certiorari*; and the preliminary proceedings in criminal cases charging felonies, Part A, and govern proceedings in summary traffic cases in Municipal Court Traffic Division, Part B.

(B) Any procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in Chapter 10 or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 shall be governed by the relevant statewide rule.

Pa.R.Crim.P. 1000.

The Commonwealth argues Rule 1013(A)(1) applies because this case was filed in the Philadelphia Municipal Court. **See** Appellant's Brief, at 9. The Commonwealth posits the Court of Common Pleas erred in applying Rule 600 after finding Rule 1013 was silent as to the issue of pre-arrest delay. **See id.** at 12. As the Commonwealth explains:

Rule 1013 is *not* "silent" as to the issue of pre-arrest delay; it very clearly begins its calculations with an event that necessarily occurs *after* an arrest is made—i.e., the preliminary arraignment. Indeed, even Rule 600 does not "speak to" pre-arrest delay in the sense the [Court of Common Pleas] meant; it simply begins its calculations with an event that may occur before an arrest is made—i.e., the filing of the criminal complaint.

Appellant's Brief, at 12-13 (citations and footnotes omitted; emphasis in original).

Parker argues that Rule 600 applies because pre-arrest delay is not specifically covered by Rule 1013, and under Rule 1000(B), it must then be covered under Rule 600. **See** Appellee's Brief, at 1-2. Further, Parker argues that interpreting Rule 1013 exactly as it is written, and starting the clock at the preliminary arraignment, would lead to an absurd result where there is no

- 5 -

time limit governing pre-arrest delay in Philadelphia Municipal Court cases initiated by an arrest warrant.[8] **See id.** at 13.

The Court of Common Pleas found the Municipal Court properly applied Rule 600 because Rule 1013 does not specifically address pre-arrest delay. **See** Court of Common Pleas Opinion, 4/12/24, at 4-5, 7. The Court of Common Pleas, after reviewing Rule 1013, stated:

> In the instant matters, a summons was not issued to the [d]efendants and the cases were initiated by an arrest warrant and complaint. There was a delay where the [d]efendants were not arrested until after 365 days had elapsed and there was nothing in the record to indicate that the defendants caused the delay. Rule 1013 does not specifically address this situation.

**Id.** at 4. The Court of Common Pleas then went on to evaluate the time under Rule 600 and affirmed the municipal court. **See id.** at 4-6.

The problem with Parker's argument and the Court of Common Pleas' holding is Rule 1013 is unambiguous. "Trial in a Municipal Court case **shall** commence no later than 180 days from the date on which the **preliminary arraignment is held.**" Pa.R.Crim.P. 1013(A)(1) (emphases added). Here, because Parker's preliminary arraignment was May 11, 2023, the mechanical run date pursuant to Rule 1013(A)(1) was November 7, 2023. **See Commonwealth v. Staten**, 950 A.2d 1006, 1010-11 (Pa. Super. 2008) (First, one must determine the mechanical run date for a Rule 1013 claim.);

---

[8] Parker does concede that although there would be no rule providing a time limit, the Constitutional guarantees of due process and speedy trial rights would still be applicable. **See** Appellee's Brief, at 13.

*Commonwealth v. Preston*, 904 A.2d 1, 11 (Pa. Super. 2006) (*en banc*) ("In a municipal court case, the mechanical run date is ascertained by counting the number of days from the triggering event—e.g., the date on which the preliminary arraignment occurred or on which the criminal complaint was filed—to the date on which trial must commence under Rule 1013[(A)(1) or (2)]." And further finding the triggering event was Preston's preliminary arraignment.).

Parker's trial was scheduled for July 31, 2023, long before the mechanical run date of November 7, 2023. Therefore, the Court of Common Pleas erred in affirming the dismissal, as Rule 1013 was not violated at the time the Municipal Court dismissed Parker's charges.

Further, unlike Parker claims, when reading Rule 1013 as a whole, pre-arrest delay was contemplated by the drafters of the rule, just as it was in Rule 600. *See* Appellee's Brief, at 10 (asserting Rule 1013 does not contemplate pre-arrest delay). Rule 1013(A)(2) provides "[t]rial in a Municipal Court case in which the defendant appears pursuant to a summons shall commence no later than 180 days from the date on which the complaint is filed." Pa.R.Crim.P. 1013(A)(2). This is strikingly similar to Rule 600's language: "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). As such, the Court of Common Pleas' assertion that "Rule 1013 does not specifically address th[e] situation

[of pre-arrest delay]" is incorrect. Court of Common Pleas Opinion, 4/12/24, at 4. Rule 1013 contemplates pre-arrest delay when a defendant appears via summons. *See* Pa.R.Crim.P. 1013(A)(2).

"The rules should be construed to give effect to all their provisions" and we cannot ignore the fact the drafters chose to use the date the complaint was filed as the triggering event when a defendant appears by summons but not when the case is initiated by arrest warrant. *Far*, 46 A.3d at 712 (citation omitted); *see* Pa.R.Crim.P. 1013(A)(1), (2).

> Finally, we are mindful that:
>
> in interpreting a particular [rule] we must remain always mindful of the principle that, although one is admonished to listen attentively to what a [rule] says; one must also listen attentively to what it does not say. Accordingly, it is not for the courts to add, by interpretation, to a [rule], a requirement which the [drafters] did not see fit to include.

*Commonwealth v. Gehris*, 54 A.3d 862, 864-65 (Pa. 2012) (citations and quotation marks omitted). As Rule 1013 is not ambiguous, we cannot add a requirement that the Commonwealth must bring a Philadelphia Municipal Court case to trial, when initiated by arrest warrant, within 365 days of the complaint being filed. We do not condone the actions of waiting over three years to arrest Parker without any showing of due diligence on the part of the Commonwealth, but we are bound by the plain language of the rule. The Court of Common Pleas erred in affirming the Municipal Court's finding that Rule 1013 did not apply. As the charges were dismissed prior to the mechanical run date, we are constrained to reverse and remand for trial.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025