J-A06012-25          2025 PA Super 76

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TAQUINE FARLOW | : | No. 646 EDA 2024 |

Appeal from the Order Entered February 21, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-CR-0004985-2023

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, P.J.E.:                **FILED MARCH 28, 2025**

The Commonwealth appeals from the order entered by the Court of Common Pleas of Philadelphia County affirming the dismissal of charges against Taquine Farlow by the Municipal Court of Philadelphia County for a violation of Rule 600.[1] The Commonwealth challenges the Court of Common Pleas' order affirming the dismissal under Rule 600, asserting the court should have applied Rule 1013[2] because the charges were ordered to be tried in the Philadelphia Municipal Court. We reverse and remand for proceedings consistent with this opinion.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Pa.R.Crim.P. 600.

[2] Pa.R.Crim.P. 1013.

Farlow was charged with aggravated assault, simple assault, and recklessly endangering another person on September 20, 2021, for events that transpired on August 22, 2021. An arrest warrant was issued on September 20, 2021. Farlow was arrested on March 21, 2023, and a preliminary arraignment was held on March 22, 2023. The preliminary hearing for the charges was held on April 5, 2023. At that time, the aggravated assault charge was dismissed for lack of evidence and the case remanded to Municipal Court for trial on the remaining charges.

Trial was scheduled for May 23, 2023. The day before, Farlow filed a motion to dismiss the charges due to a violation of her speedy trial rights under Rule 600. Although the Commonwealth was ready to proceed to trial on May 23, 2023, trial did not commence, and the Municipal Court heard argument on whether Rule 600 or Rule 1013 applied. The Municipal Court requested briefs and continued the matter. On July 11, 2023, a hearing was held wherein the Commonwealth presented a detective from the warrant unit who explained the backlog of warrants due to the COVID-19 pandemic, but did not testify to any attempts to arrest Farlow. The Municipal Court dismissed the charges, agreeing with Farlow that Rule 600 was violated, and the Commonwealth did not exercise due diligence in bringing the case to trial.

The Commonwealth filed an appeal to the Court of Common Pleas on August 8, 2023.[3] After argument, the Court of Common Pleas affirmed the dismissal of Farlow's charges, holding Rule 600 applies to the Philadelphia Municipal Court where an arrest warrant was issued and there was significant delay in arresting the defendant.[4] The Commonwealth filed a timely appeal to this Court. The Commonwealth complied with the Court of Common Pleas' order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

The Commonwealth raises the following question for our review:

> Did the [Court of Common Pleas] err by dismissing all charges on purported Rule 600 grounds, where Rule 1013 (not Rule 600) applies to Philadelphia Municipal Court cases, and where fewer than 180 days of includable time allowed by Rule 1013 had elapsed by the date on which the court dismissed the charges?

Appellant's Brief, at 4.

The Commonwealth's claim requires us to interpret certain Rules of Criminal Procedure and is therefore a question of law. "Accordingly, our

---

[3] While the Commonwealth's notice referred to the filing as an appeal, the Court of Common Pleas treated the notice as a writ of *certiorari*. **See** Commonwealth's Notice of Appeal (single page, identifying the notice as an "[a]ppeal from the Order of July, 2023 …"); Court of Common Pleas Opinion, 4/12/24, at 2 (noting the Commonwealth filed a petition for *certiorari*).

[4] The Court of Common Pleas consolidated this case with three other petitions for writs of *certiorari* filed by the Commonwealth regarding the municipal court dismissing charges under Rule 600. The Court of Common Pleas entered a single order affirming the municipal court and issued one Rule 1925(a) opinion for all four cases. The Commonwealth filed appeals in all four cases. The other three are: **Commonwealth v. Salcedo**, docketed at 647 EDA 2024; **Commonwealth v. Allison**, docketed at 710 EDA 2024; and **Commonwealth v. Parker**, docketed at 693 EDA 2024.

standard of review is *de novo* and our scope of review is plenary."

***Commonwealth v. Far***, 46 A.3d 709, 712 (Pa. 2012) (citation omitted).

> Pursuant to Pa.R.Crim.P. 101(C), we must, to the extent practicable, construe the Rules of Criminal Procedure in consonance with the rules of statutory construction, which are set forth in the Statutory Construction Act of 1972. The object of all interpretation is to ascertain and effectuate the intent of the drafters, a task that is best accomplished by considering the plain language of the provision(s) at issue. However, when the words are not explicit, then the court must consider various other indicia of intent, such as the object and necessity of the rule and the mischief meant to be remedied. The rules should be construed to give effect to all their provisions, and a single rule should not be read in a vacuum, especially where there is an apparent interrelationship among rules. We may consult the explanatory comments of the committee that worked on a rule.

***Id.*** at 712-13 (footnote and citations omitted).

The three rules we must evaluate here are Rule 600, Rule 1013, and Rule 1000. First, Rule 600 is the prompt trial rule which is applicable to statewide trial courts. ***See Far***, 46 A.3d at 713. Rule 600 provides, in relevant part:

> (A) Commencement of Trial; Time for Trial
>
> \*\*\*
>
>> (2) Trial shall commence within the following time periods.
>>
>>> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2)(a) (bolding omitted).

Second, Rule 1013 is the prompt trial rule which is applicable to the Philadelphia Municipal Courts. Rule 1013 provides, in relevant part:

> (A)(3) Trial in a case that commenced as a Common Pleas Court case but was later ordered to be tried in Municipal Court shall commence no later than 180 days from the date on which the preliminary arraignment is held or 60 days from the date on which the order is made, whichever is greater.

Pa.R.Crim.P. 1013(A)(3).

> Finally, Rule 1000 defines when the Municipal Court Rules apply:

> (A) The rules in this chapter govern all proceedings in the Philadelphia Municipal Court, including summary cases; Municipal Court cases, as defined in Rule 1001(A); the filing of appeals from Municipal Court cases; the filing of petitions for writs of *certiorari*; and the preliminary proceedings in criminal cases charging felonies, Part A, and govern proceedings in summary traffic cases in Municipal Court Traffic Division, Part B.

> (B) Any procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in Chapter 10 or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 shall be governed by the relevant statewide rule.

Pa.R.Crim.P. 1000.

The Commonwealth argues Rule 1013(A)(3) applies because this case was ordered to be tried in the Philadelphia Municipal Court after the aggravated assault charge was dismissed. **See** Appellant's Brief, at 10-11. The Commonwealth posits the Court of Common Pleas erred in applying Rule 600 after finding Rule 1013 was silent as to the issue of pre-arrest delay. **See** **id.** at 13. As the Commonwealth explains:

> Rule 1013 is *not* "silent" as to the issue of pre-arrest delay; it very clearly begins its calculations with an event that necessarily occurs

*after* an arrest is made—i.e., the preliminary arraignment. Indeed, even Rule 600 does not "speak to" pre-arrest delay in the sense the [Court of Common Pleas] meant; it simply begins its calculations with an event that may occur before an arrest is made—i.e., the filing of the criminal complaint.

Appellant's Brief, at 12-13 (citations omitted; emphasis in original).

Farlow argues that Rule 600 applies because pre-arrest delay is not specifically covered by Rule 1013, and under Rule 1000(B), it must then be covered under Rule 600. **See** Appellee's Brief, at 8-9. Further, Farlow argues that interpreting Rule 1013 exactly as it is written, and starting the clock at the preliminary arraignment, would lead to an absurd result where there is no time limit governing pre-arrest delay in Philadelphia Municipal Court cases initiated by an arrest warrant and later transferred to Municipal Court.[5] **See id.** at 15-16.

The Court of Common Pleas found the Municipal Court properly applied Rule 600 because Rule 1013 does not specifically address pre-arrest delay. **See** Court of Common Pleas Opinion, 4/12/24, at 4-5, 7. The Court of Common Pleas, after reviewing Rule 1013, stated:

In the instant matters, a summons was not issued to the [d]efendants and the cases were initiated by an arrest warrant and complaint. There was a delay where the [d]efendants were not arrested until after 365 days had elapsed and there was nothing in the record to indicate that the defendants caused the delay. Rule 1013 does not specifically address this situation.

---

[5] Farlow does concede that although there would be no rule providing a time limit, the Constitutional guarantees of due process and speedy trial rights would still be applicable. **See** Appellee's Brief, at 15.

***Id.*** at 4. The Court of Common Pleas then went on to evaluate the time under Rule 600 and affirmed the municipal court. ***See id.*** at 4-6.

Upon review, we find that Rule 1013 is unambiguous. "Trial in a case that commenced as a Common Pleas Court case but was later ordered to be tried in Municipal Court **shall** commence no later than 180 days from the date on which the **preliminary arraignment is held** or 60 days from the date on which the order is made, whichever is greater."[6] Pa.R.Crim.P. 1013(A)(3) (emphases added). Here, because Farlow's preliminary arraignment was March 22, 2023, the mechanical run date pursuant to Rule 1013(A)(3) was September 18, 2023. ***See Commonwealth v. Staten***, 950 A.2d 1006, 1010-11 (Pa. Super. 2008) (First, one must determine the mechanical run date for a Rule 1013 claim.); ***Commonwealth v. Preston***, 904 A.2d 1, 11 (Pa. Super. 2006) ("In a municipal court case, the mechanical run date is ascertained by counting the number of days from the triggering event—e.g., the date on which the preliminary arraignment occurred or on which the criminal complaint was filed—to the date on which trial must commence under Rule 1013[(A)(1), (2) or (3)]." And further finding the triggering event was Preston's preliminary arraignment.).

Farlow's trial was scheduled for May 23, 2023, and was continued to July 11, 2023, both dates were long before the mechanical run date of

---

[6] Here, the greater time period is 180 days from the preliminary arraignment.

September 18, 2023. Therefore, the Court of Common Pleas erred in affirming the dismissal, as Rule 1013 was not violated at the time the Municipal Court dismissed Farlow's charges.

Further, unlike the Appellee's argument, we find when reading Rule 1013 as a whole, that pre-arrest delay was contemplated by the drafters of the rule, just as it was in Rule 600. **See** Appellee's Brief, at 12 (asserting Rule 1013 does not contemplate pre-arrest delay). Rule 1013(A)(2) provides "[t]rial in a Municipal Court case in which the defendant appears pursuant to a summons shall commence no later than 180 days from the date on which the complaint is filed." Pa.R.Crim.P. 1013(A)(2). This is strikingly similar to Rule 600's language: "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). As such, Rule 1013 contemplates pre-arrest delay when a defendant appears via summons. **See** Pa.R.Crim.P. 1013(A)(2).

"The rules should be construed to give effect to all their provisions" and we cannot ignore the fact the drafters chose to use the date the complaint was filed as the triggering event when a defendant appears by summons but not when the case is initiated by arrest warrant or transferred from the Court of Common Pleas to Municipal Court. **Far**, 46 A.3d at 712 (citation omitted); **see** Pa.R.Crim.P. 1013(A)(1), (2), (3).

Finally, we are mindful that:

in interpreting a particular [rule] we must remain always mindful of the principle that, although one is admonished to listen attentively to what a [rule] says; one must also listen attentively to what it does not say. Accordingly, it is not for the courts to add, by interpretation, to a [rule], a requirement which the [drafters] did not see fit to include.

***Commonwealth v. Gehris***, 54 A.3d 862, 864-65 (Pa. 2012) (citations and quotation marks omitted). As Rule 1013 is not ambiguous, we cannot add a requirement that the Commonwealth must bring a Philadelphia Municipal Court case to trial, when transferred from the Court of Common Pleas, within 365 days of the complaint being filed. While we do not condone the actions of waiting a year and a half to arrest Farlow without any showing of due diligence on the part of the Commonwealth, we are bound by the plain language of the rule. As the charges were dismissed prior to the mechanical run date, we are constrained to reverse and remand for trial.

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025