J-S17019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RAHN YOUDY | : | No. 1923 EDA 2024 |

Appeal from the Order Entered July 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0010569-2023

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 11, 2025**

The Commonwealth of Pennsylvania appeals from the order affirming the Philadelphia Municipal Court order granting Rahn Youdy's speedy trial motion. The Commonwealth argues that the Municipal Court erred in applying Rule 600 rather than Rule 1013, Rule 1013 does not provide for dismissal in the instant scenario, and the Court of Common Pleas erred in affirming the dismissal on Sixth Amendment grounds. We reverse and remand for reinstatement of the charges.

The Commonwealth filed a complaint on October 25, 2021, charging Youdy with felony offenses including attempted murder related to a January 2021 shooting. At the time the complaint was filed, Youdy was incarcerated in Delaware County on unrelated matters. The Commonwealth did not arrest Youdy on the instant charges or arraign him until over a year and a half later, on June 15, 2023.

The Philadelphia Municipal Court scheduled a preliminary hearing for June 29, 2023. The hearing was continued five times. The first continuance – from June 29, 2023, to July 27, 2023 – was at the request of the defense. The next three dates – July 27, 2023, August 11, 2023, and August 31, 2023 – were continued because Youdy was not brought to the courthouse from state custody. The fifth continuance – from October 26, 2023, to December 14, 2023 – was at the request of the defense.

On the sixth date scheduled for the preliminary hearing – December 14, 2023 – the Commonwealth amended the charges to add a misdemeanor charge (possession of a firearm prohibited[1]) and withdrew all other charges, and the case was ordered to be tried in Municipal Court. The Municipal Court ordered trial for January 11, 2024.

On the date scheduled for trial, both parties requested a continuance. The Municipal Court rescheduled the trial for January 26, 2024.

On the trial date, Youdy orally moved for dismissal under Rule 600(A) of the Rules of Criminal Procedure, arguing that over 365 days of includable time had elapsed since the Commonwealth filed the complaint. ***See*** Pa.R.Crim.P. 600(A)(2)(a). The Commonwealth argued that Rule 1013, and not Rule 600, governs speedy trial motions in the Municipal Court of Philadelphia. ***See*** Pa.R.Crim.P. 1013. Youdy countered that because Rule 1013 does not address any delay that occurs in the period between the filing of the

_____

[1] ***See*** 18 Pa.C.S.A. § 6105(a)(1).

complaint and the preliminary arraignment, Rule 600 should control. **See** N.T., 1/26/24, at 7-8. The Municipal Court granted the motion and dismissed the case under Rule 600(A).

The Commonwealth filed a petition for a writ of *certiorari* in the Court of Common Pleas. Following argument, the Court of Common Pleas affirmed the Municipal Court's dismissal of the case. The court agreed with the Commonwealth that Rule 1013 applies, and not Rule 600. However, it found dismissal was warranted under the Sixth Amendment of the United States Constitution. The court observed that to protect a defendant's constitutional right to a speedy trial, "the conduct of the prosecution and defense must be weighed in accordance with four factors: 'the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" Rule 1925(a) Op., 9/11/24, at 4 (quoting **Barker v. Wingo**, 404 U.S. 514, 532 (1972)). The court noted that the Commonwealth conceded that it had not exercised due diligence in arresting Youdy, which it did not do until a year and a half after it filed the complaint. The court also noted that the trial was not scheduled until over two years after the Commonwealth had filed the complaint. The court found that the reason for the delay to be "an admitted lack of diligence on behalf of the Commonwealth," especially considering that Youdy was in state custody during the entire period. **Id.** The court found the length of the delay to be "incredibly excessive" and that it "weighs toward presumptively prejudicial." **Id.**

The Commonwealth appealed, and raises the following issue:

Did the lower court err by dismissing all charges on purported Rule 600 grounds, where Rule 1013 (not Rule 600) applies to Philadelphia Municipal Court cases, and where fewer than the 60 days of includable time allowed by Rule 1013 had elapsed by the date on which the court discharged the case?

Commonwealth's Br. at 4.

The Commonwealth argues that Rule 1013 governs a speedy trial motion filed in a case which has been remanded from the Court of Common Pleas to the Municipal Court. It contends that Rule 1013 allows the Commonwealth 180 days from the date of the preliminary arraignment to try the defendant, or 60 days from the order of remand, whichever is greater. *See* Pa.R.Crim.P. 1013(A)(3). The Commonwealth contends that any delay that occurs prior to a defendant's preliminary arraignment is immaterial to the Rule 1013 analysis, and that it has complied with Rule 1013 in the instant case.

The Commonwealth further argues that the Court of Common Pleas abused its discretion in affirming the Municipal Court order on Sixth Amendment grounds. The Commonwealth points out that Youdy did not invoke the United States Constitution, but rather "explicitly declined 'to talk about the [S]ixth [A]mendment.'" Commonwealth's Br. at 12 (quoting N.T., 7/11/24, at 33). The Commonwealth also contends that, even if Youdy had raised a speedy trial issue under the Sixth Amendment, dismissal was not warranted because Youdy's counsel conceded she "cannot prove any prejudice." *Id.* at 13 (quoting N.T., 1/26/24, at 13).

Application of the Rules of Criminal Procedure is a question of law, over which our standard of review is *de novo* and our scope, plenary. ***Commonwealth v. Farlow***, 335 A.3d 371, 374 (Pa.Super. 2025).

Rule 1013(A)(3) provides,

> Trial in a case that commenced as a Common Pleas Court case but was later ordered to be tried in Municipal Court shall commence no later than 180 days from the date on which the preliminary arraignment is held or 60 days from the date on which the order is made, whichever is greater.

Pa.R.Crim.P. 1013(A)(3).

In ***Farlow***, we held that this provision was unambiguous and that we are bound by its plain language. ***Farlow***, 335 A.3d at 375, 377. Finding Rule 1013(A)(3) clearly applicable, we reversed the order dismissing the case under Rule 600 due to the delay in the arrest of the defendant. ***Id.*** at 373, 377. We rejected the very argument that Youdy presented here: that Rule 600 may be applied to Municipal Court cases because Rule 1013 does not provide relief for pre-arrest delay. ***Id.*** at 376-77. We noted that the statute is not silent as to the issue of the pre-arrest delay, as it calls for trial within 180 days from the filing of the complaint where the defendant appears pursuant to a summons rather than by preliminary arraignment. ***Id.*** at 376 (citing Pa.R.Crim.P. 1013(A)(2)).[2]

Here, as in ***Farlow***, Rule 1013(A)(3) clearly applies. The Municipal Court therefore erred in applying Rule 600.

_____

[2] We note that ***Farlow*** was decided after the Municipal Court and Court of Common Pleas made their rulings in this matter.

Youdy argues our decision in **Farlow** contradicts the Supreme Court's holding in **Commonwealth v. Far**, 46 A.3d 709 (Pa. 2012). We find **Far** to be distinguishable. In **Far**, the Commonwealth withdrew the only felony charges, causing the case to be remanded to the Municipal Court. The Commonwealth then sought a jury trial in the Court of Common Pleas. 46 A.3d at 711-12. The Supreme Court held that because Rule 1013 did not address a scenario in which a case returned to the Court of Common Pleas after being remanded to the Municipal Court, Rule 600 was controlling. **See id.** at 714 (citing Pa.R.Crim.P. 1000 (stating procedures not specifically covered by Chapter 10 shall be governed by the relevant statewide rule)). Here, Youdy's case was remanded to the Municipal Court, but was not thereafter scheduled for trial in the Court of Common Pleas. Rule 1013(A)(3) specifically applies to this scenario, and **Far** affords Youdy no relief.

Furthermore, we agree with the Commonwealth that the Court of Common Pleas abused its discretion in affirming the dismissal under Sixth Amendment jurisprudence. "Where the appellant does not raise the separate constitutional issue apart from the Rule 600 issue as a basis for the motion to dismiss, there is no need for the **Barker** balancing test to be examined." **Commonwealth v. Colon**, 87 A.3d 352, 357 n.2 (Pa.Super. 2014); **see also Commonwealth v. Dennis**, 695 A.2d 409, 411 (Pa. 1997) (stating waiver rule, that issue may not be raised for the first time on appeal, "applies with equal force to the Municipal Court of Philadelphia"); **Wiegand v. Wiegand**,

- 6 -

337 A.2d 256, 257 (Pa. 1975) (explaining that *sua sponte* consideration of a constitutional issues exceeds proper appellate function).

Youdy did not argue in the Municipal Court, or in the Court of Common Pleas, that his Sixth Amendment right to a speedy trial was violated.[3] The Court of Common Pleas therefore improperly considered the constitutional issue *sua sponte*.

Lastly, Youdy did not argue below, and does not argue here, that the Commonwealth exceeded the deadlines imposed by Rule 1013(A)(3). We therefore reverse the order affirming the dismissal of the charges, and remand.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/11/2025

---

[3] Nor does Youdy lodge this argument on appeal.